HALL v. KELLOGG.

actions, and not by those which prevail in criminal proceedings when the latter differ from the former.—4 *Seld.* 67.

## Daniel M. Hall v. John G. Kellogg.

*Illegal assessment: Agricultural Society.* Under the statute, *Comp. L.* § 1687, a tax to be raised for agricultural societies can only be ordered by the supervisors when they have been informed by the sworn certificate of the proper officers of the society that at least $100 had been raised by the society.

Where an assessment for such purpose was made without such proof, it was void, and rendered a sale of land for taxes invalid.

*Bill to quiet title: Presumptive proof of complainant's title: Possession.* In a suit to quiet title under the statute, 2 *Comp. L.* § 3490, complainant is only bound to make out a case as against the defendant, and will not be required to make proof of title beyond that which, when establishing a presumptive case, has not been met by any proofs adequate to shake or destroy it.

Proof that a deceased person occupied land several years, and died in possession, is presumptive evidence of seisin in favor of his heirs or of purchasers from his estate; *a fortiori* in resisting a tax title set up under an assessment levied against the estate of the deceased by name.

*Presumption of existence of public records.* The law presumes that all officers intrusted with the custody of public files and records, will perform their official duty by keeping the same safely in their offices. If a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption therefore arises that no such document has ever been in existence. —*Platt v. Stewart,* 10 *Mich.* 260. Until this presumption is rebutted, it must stand as proof of such non-existence.

*Heard October 12th. Decided October 22nd.*

Appeal from Allegan Circuit in Chancery.

The bill in this case was filed by complainant, who was in possession of the premises, to quiet his title. The defendant relied upon a tax sale.

A decree was made in favor of complainant.

The facts are stated in the opinion.

*Henry C. Briggs,* for complainant.

1.   The complainant having made out a presumptive title, it is good until rebutted. — 2 *Comp. L.* § 3460.

2.   The tax title under which defendant claims, is void.

The $300 appropriated to the agricultural society was unauthorized.

There was no certificate or other evidence presented to the Board of Supervisors that the agricultural society had raised one hundred dollars, or any other sum.   The statute requires such certificate of the president and secretary of the society: without this evidence the assessment was void. — *Comp. L.* § 1687.

*C. I. Walker* and *W. B. Williams,* for defendant.

1.   The complainant has failed to establish any title to the lots in question.

While naked possession is sufficient evidence of ownership as against a mere wrongdoer, as in an action against a trespasser, yet ordinarily in the possessory action of ejectment, the plaintiff must prove something more than a naked previous possession — he must prove, also, a claim of title. —1 *Saund. Pl. and Ev.* 998; 4 *Johns.* 210; 5 *Cow.* 200; 7 *Wheat.* 59.

But in this class of cases, where the defendant has not disturbed the possession of the complainant, where the former is no wrong doer, the complainant must go farther, and, in the language of the statute, must "establish" his title, and this must be done by clear and satisfactory proof of such title. — 2 *Comp. L.* § 3490; 1 *Douglas (Mich.)* 546, 565, *and* 575; 32 *Miss.* 268; 33 *Id.* 292.

2.   But if the complainant has *prima facie* established his title to the premises in question, we insist that he has

failed in proving the tax title under which we claim (being for a sale for taxes of 1859), to be void.

It is claimed that the taxes levied for 1859, upon the land in question, were excessive and illegal, in that the county tax is excessive, because it includes the sum of $300 appropriated to the county agricultural society without the proof, required by the statute, that such society had raised the sum of $100 for said year, 1859, or any other year.

The Board of Supervisors are required to levy a certain tax on a certificate being furnished them by the president and secretary of the society under oath, that $100 or more had been raised.— 1 *Comp. L.* § 1687.

We submit that the complainant has utterly failed to prove that any taxes were levied for the purpose named.

At most it was a mere misappropriation of money, not to be paid out of the tax for 1859, but out of any moneys that might be on hand at any time; and this would not vitiate the tax.— 13 *Mich.* 414.

But we submit that the complainant fails to show that the proper certificate of the agricultural society was not furnished to the Board of Supervisors.

They prove by the county clerk that he can find no such certificate among the files — but his evidence shows that these files are very loosely kept.

We think, under these circumstances, they should have gone farther, and proved that no such certificate was furnished. This they attempted, and have failed to show. The clerk of the agricultural society, whose term expired on the 29th of September, 1859, testifies that he furnished no such certificate; but his successor, who held the office when the Board of Supervisors met in the following October, was not sworn.

3. But if we have failed in this, yet if the complainant has not established his title, the result will be the same; the objections to the complainant's tax title of 1858 being the same as those urged against the tax title of 1859.

CAMPBELL, J.

Complainant filed his bill in the Allegan Circuit Court to set aside a claim of defendant to certain lands, which complainant alleged he owned in fee, and of which he was also in possession.

Complainant's title consisted of a purchase from the estate of William Tyler, deceased, who had possessed and occupied the land for several years before his death, and also of a quit claim from defendant to his grantor of a tax title for 1858. The bill alleged defendant's claim to be under a tax title for 1859, in which year the land was assessed to Tyler's estate, and in due time sold and conveyed by the Auditor General as delinquent. This latter tax title is alleged to be invalid for several reasons, which will, so far as may be necessary, be referred to.

A preliminary objection, however, is urged against any decree, on the ground that complainant has made out no more than a presumptive title, and that the statute requiring in such cases that the title be *established* cannot be satisfied by anything short of an indefeasible title distinctly made out.

If a bill under the statute in question could be filed against all possible parties, so as to make the decree operate as a decree *in rem*, to quiet the title against all the world, there would be great force in this objection, and it would be necessary to decide what amount of proof would suffice to shut out any adverse presumptions or possibilities. But we have already decided in *Hunton v. Platt*, 11 *Mich.* 264, that a bill seeking to bring in defendants having distinct and disconnected adverse claims would be multifarious. No claim can be litigated by complainant in this cause, except such as may be asserted by the defendant. The decree cannot be binding against strangers to the titles and parties in this suit. We can see, therefore, no reason for requiring of complainant any proof of title beyond that which, when

making out a presumptive case against the defendant, has not been met by any proofs adequate to shake or destroy it.

The title made out here is good until rebutted. Tyler is shown to have occupied the land for several years, and to have died in possession. Complainant, as purchaser from the estate, is entitled to all the rights which would belong to an heir or devisee. Proof of the seisin of the decedent is *prima facie* evidence of his title in fee.— *Buller's N. P.* 103; *Adams Eq.* 281; *Day v. Alverson,* 9 *Wend.* 223. And in the present case defendant's tax title is deduced under an assessment laid against the premises as resident lands belonging to Tyler's estate. We think that the title thus shown is sufficient, until proof is introduced tending to invalidate it. Complainant has, further, such aid as is derivable from the tax deed for 1858, which, however, it is not necessary to consider, as the title of defendant, if invalid, does not destroy complainant's rights, but, if regular, supplants them all.

The deed of 1859 is alleged to be vitiated by several illegalities in the assessment and subsequent proceedings to levy the taxes, most of which are sought to be proved by the omission of the certificates and records required by law to sustain them. It appears, among other things, from the certificates and evidence of the proper officers, that these papers are not, in some instances, to be found in their offices, and that no knowledge is possessed of their existence at any time.

The law presumes that all officers entrusted with the custody of public files and records, will perform their official duty by keeping them safely in their offices. Where a paper is not found where, if in existence, it ought to be deposited or recorded, the presumption therefore arises that no such document has ever been in existence.— *Platt v. Stewart,* 10 *Mich.* 260. Until this presumption is rebutted, it must stand as proof of such non-existence.

We do not deem it necessary to refer at large to all the defects relied on. There appears, among other things, a tax

raised for the benefit of the county agricultural society, which could only be ordered when the Supervisors had been informed, by the sworn certificate of the president and secretary of the society, that $100 at least had been raised by the society.— *Comp. L.* § 1687. No such certificate can be found, and no evidence is given tending to show its existence. The proofs show conclusively that this money for the agricultural society was included in the sum ordered to be levied by the Supervisors, and being illegal it vitiates the sale.

Without referring to the other questions presented, we think this defect avoids the deed. A similar defect exists in the complainant's tax deed for 1858, but as his title is good, independent of that, the failure is not material.

The decree below was correct in granting the relief prayed for, and must be affirmed, with costs.

CHRISTIANCY and COOLEY JJ. concurred.

MARTIN, CH. J. did not sit.