30        SUPREME COURT OF INDIANA.

Warren County Agricultural Joint Stock Co. *et al. v.* Barr.

WARREN COUNTY AGRICULTURAL JOINT STOCK CO. ET AL. *v.* BARR.

COUNTY COMMISSIONERS.—*Appropriation.*—*Agricultural Society.*—*County Order.*—*County Treasurer.*—*Injunction.*—*Construction of Statute.*—The board of commissioners of a county are not authorized, by the act of March 8th, 1873, 1 R. S. 1876, p. 54, entitled "An act to encourage agriculture and agricultural fairs," etc., to make an appropriation to an agricultural society, out of the funds of such county, to assist such society in paying off its debts; and where, by the order of such board, such appropriation has been made, and the county auditor has issued a county order, on the funds of such county, for the payment of such appropriation, the payment of such county order, and the taking of any further steps toward paying such appropriation, may be enjoined, in a suit against the proper parties, by a taxpayer of such county.

From the Warren Circuit Court.

*L. T. Miller* and *W. C. Wilson*, for appellants.

*J. M. Rabb*, for appellee.

BIDDLE, J.—The appellee, a resident taxpayer of Warren county, brought this action to enjoin the payment of a certain county order, passed by the board of commissioners of Warren county, and issued by the county auditor, upon the county treasurer, payable to the Warren County Agricultural Joint Stock Company. The complaint contains two paragraphs. As a demurrer was sustained to the first paragraph, and there is no question raised upon it, we need not state it. The second paragraph is as follows:

"James I. Barr, plaintiff in the above entitled cause, complains of defendants, and says that he is a resident and taxpayer of Warren county, State of Indiana, and

the owner of six thousand dollars of real estate, situate in said county, subject to taxation ; plaintiff further avers, that the said defendant, the Warren County Agricultural Joint Stock Company, is a private corporation, organized for the purpose of holding agricultural fairs in said county.

" Plaintiff further avers, that said defendants, the board of commissioners of Warren county, Indiana, at the December session, 1874, of said board, caused to be executed, upon the order book of said board, and the records of the county, the following order, to wit :

" ' Come now William Crow, James Goodwin and other citizens and taxpayers of Warren county, and ask the board to make an appropriation to the Warren County Agricultural Joint Stock Company, for the purpose of assisting in paying the debts of said association, and sustaining said fair association in the future, which the board take under advisement, and, after due deliberation and consideration, the board of commissioners, (Atkinson dissenting,) do grant said request, and do appropriate the sum of two thousand five hundred and fifty dollars for said purpose, which said sum is to be paid to the treasurer of said association ; and the auditor is hereby authorized to issue a warrant on the county treasurer, in favor of the treasurer of said association, which said amount is not to be paid until the 1st day of December, 1875.'

" Plaintiff further avers, that afterward, to wit, on the 31st day of December, 1874, Samuel M. Frame and Andrew Buir, two of the members of said board of commissioners, met in the office of the auditor of said county, without having been called together by any officer authorized to convene said board ; and that said parties, while so together, presuming to act as a board lawfully convened, caused to be spread upon the order book of said board of commissioners, and the records of said county, the following order, to wit :

" ' Ordered, by the board now here, that the order made by the board at the December term, 1874, in regular

session, in relation to the appropriation made to the Warren County Agricultural Joint Stock Company, was intended to mean that the warrant on the county treasurer, for said appropriation, was to issue at that time; and the auditor is hereby authorized and instructed to issue said order, on said county treasurer, for said appropriation, although the payment of said order is not to be made until the 1st day of December, 1875.'

" The plaintiff further avers, that said order was made by said board, upon their own motion, and at the verbal request of a few persons.

" Plaintiff further avers, that the auditor of said Warren county has issued his warrant, on said county treasurer, for said sum of two thousand five hundred and fifty dollars, so appropriated by said board of commissioners, to said Warren County Agricultural Joint Stock Company, and that the same is drawn payable to the treasurer of said company, and has been delivered by the said auditor, to the treasurer of said corporation.

" Plaintiff further avers, that said order of said board of commissioners, appropriating said money to said defendant, the Warren County Agricultural Joint Stock Company, is illegal and void, for the reason that said board had no lawful power or authority to make such appropriation, as is therein and thereby sought to be made.

" Plaintiff further avers, that the treasurer of said county will pay said order, when it becomes due, unless restrained by law; wherefore plaintiff prays the court to declare and adjudge said order, made by the defendant, the board of commissioners of Warren county, appropriating said sum of twenty-five hundred and fifty dollars to said defendant, the Warren County Agricultural Joint Stock Company, null and void.

" The plaintiff further prays, that the court, by its order, forever enjoin said defendants, the board of commissioners of Warren county, Indiana, and the Warren County Agricultural Joint Stock Company, from attempting to carry

into execution the said order of the said board of commissioners.

"Plaintiff further prays the court, by its order, to forever enjoin the said treasurer of said Warren county, and his successor in office, from paying, out of the funds of said county, the warrant so drawn upon him for the payment of said appropriation, or any other warrant that may be issued for the payment of said illegal appropriation, and for all other proper relief."

The appropriation made by the board of commissioners was founded on the act of March 8th, 1873, 1 R. S. 1876, p. 54, the first section of which authorizes the board, on petition of a majority of the voters of a county, to purchase, in the name of the county, real estate, to be used for the purpose of agricultural and horticultural fairs. The second section provides for the payment of the consideration, and how the title shall be acquired; and the third authorizes a sale of such lands, if they become no longer an eligible location for such purposes. The fourth section enacts merely the emergency clause. This is all there is of the act.

We think the proceedings of the board of commissioners were without authority of law, and therefore wholly void. They had no jurisdiction in the premises. An authority to buy lands for a public purpose can not be construed into a power to gratuitously pay the debts of a private corporation.

The perpetual injunction was properly decreed, and the judgment is affirmed, with costs.