JOHN HOGELSKAMP ET AL. v. WILLIAM C. WEEKS.

*Findings—Foreign Deeds—Tax-Titles.*

An inference of fact drawn from evidence cannot be made matter of law by setting it up as such in a finding, and it cannot, in an action at law, be made the ground of an exception.

The absence of official records from the places assigned by law for their keeping does not support the presumption that they never existed; the contrary is presumed.  (Comp. L., § 1129).

A deed of Michigan lands executed in New York in March, 1837, before two subscribing witnesses, and acknowledged before a commissioner of deeds, was entitled to record in Michigan under the laws then prevailing, although the clerk's certificate attached to the acknowledgment was not authenticated by a seal.

An exception not taken below cannot be raised for the first time in the Supreme Court.

A tax deed was held void because the certificate attached by the supervisor to the assessment roll stated that the property

has been assessed at its " true value," whereas the assessment should have been at its " true *cash* value."

A tax deed was void where the taxes for which sale was made included highway taxes, and the overseer of highways had not sworn to the return of highway labor which he had made to the supervisor. (Act 39 of 1865.)

A tax deed based in part on highway taxes is not void simply because the commissioner of highways did not sign the highway list, when he did sign the warrant for collection which was attached to the list, the return of unpaid taxes, made by the overseer of highways, being also endorsed on the list; this was considered sufficient.

A tax deed was void where the taxes for which sale was made included a levy for the county agricultural society, based upon a sworn certificate signed only by the secretary of the society, whereas the law required it to be signed by the president and secretary. Comp. L. 1857, § 1687.

Error to Allegan. Submitted Oct. 4. Decided Oct. 23.

EJECTMENT, plaintiff claiming title through a government patent and various subsequent conveyances. The patentee had conveyed by warranty deed signed and sealed in the State of New York, before two subscribing witnesses, March 4, 1837, and recorded May 20, 1837, in Allegan county. Upon this deed was endorsed the certificate of acknowledgment of a commissioner of deeds, but the clerk's certificate attached thereto was not authenticated by a seal. The court found, notwithstanding, that the deed was properly executed and acknowledged and entitled to record under the laws then in force in Michigan. The second assignment of error was based on this ruling. The grantee had conveyed to John Mitchell by warranty deed, dated July 8, 1842, and John Mitchell had quit-claimed May 11, 1871, to Abram C. Munroe, who quit-claimed to William C. Weeks by a deed executed by Harold C. Weeks, under a power of attorney from Munroe. W. C. Weeks quit-claimed to Sabin C. Weeks, who reconveyed to him. The defendant below claimed title under several tax deeds and subsequent conveyances. But the plaintiff showed that highway taxes were included among some of those for which the land was sold, and that no returns from the overseer of highways for 1850,

1851, 1852 and 1854 could be found in the office of the supervisor; that no duplicate of highway lists for 1854 and 1862 could be found in the office of the township clerk, and no evidence that any of these returns or lists had ever been made or filed was offered. The court ruled that their absence from the respective places of deposit named raised the presumption that they had never been made or filed. It was further shown that the duplicate highway lists for 1851, 1866 and 1867, filed with the township clerk, were not signed by the commissioner of highways; that the original highway list for 1854 was not signed by the commissioner, but had a warrant to collect the tax attached to it, and this was signed, the overseer's return of unpaid taxes being also endorsed on the list; that the supervisor's certificates to the original assessment roll for 1857 stated that he had assessed the property at its "true value," instead of using the words "true cash value;" that the return of unpaid taxes made for 1865 by the overseers to the supervisor was signed but not sworn to; and that the certificate on which was based the tax levy of 1867 in aid of the county agricultural society was signed only by the secretary of the society. The court below found for the plaintiff and defendants brought error.

*Norris & Uhl* for plaintiffs in error.

*Fenn & Hart* and *F. J. Littlejohn* for defendant in error, as to the presumption of the non-existence of records from their absence from the files cited *Moser v. White*, 29 Mich., 59; *Iverslie v. Spaulding*, 32 Wis., 394; *Case v. Dean*, 16 Mich., 12. It is as necessary that the highway commissioners sign the duplicate highway lists as that the supervisor certify to the tax roll, *Warren v. Grand Haven*, 30 Mich., 24; *Sibley v. Smith*, 2 Mich., 498. All assessments for taxation must be at cash value, *Clark v. Crane*, 5 Mich., 151.

GRAVES, J. Weeks brought ejectment against the plaintiffs in error for an eighty acre lot. The judge heard the case without a jury and specially found the facts and ordered judgmetn against the plaintiff in error first named for the

east fifty acres of the lot and against his associate for the balance.    They then brought error.

A bill of exceptions appears in the return but it contains no exceptions on the admission of evidence; neither does the record indicate that any points in the nature of requests to charge were presented.

Preceding the finding by the judge, we have in this bill what purports to have been the whole testimony pertaining to the search among the township records and in township offices for certain tax proceedings, and on which testimony the judge found, as matter of law, that the proceedings which were the object of the search had never existed.

The conclusions of law upon the facts as found are followed by the exceptions taken to such conclusions, and it is upon these exceptions that the allegations of error are based.

But on looking at the exceptions we notice that one applies only to considerations touching the weight of evidence, and the propriety of a conclusion of fact made by the judge, and that it affords no foundation for any question of law in this court.    A mere inference of fact, drawn from evidence, cannot be converted into matter of law by setting it up as such in the finding.    *Trudo v. Anderson,* 10 Mich., 357.

Now, upon the question whether the John Mitchell who was seized in 1842 was the same John Mitchell who conveyed in 1871, there was substantial evidence for the judge to consider and find upon, and his conclusion of fact upon that evidence cannot be here examined on this record.    The ruling that certain papers must be considered as never having been in existence because they were not to be found in the places legally assigned for them, was erroneous.    It was based undoubtedly upon *Hall v. Kellogg,* 16 Mich., 135; but since that decision the rule has been changed by statute, Comp. L., § 1129.*    The presumption is now the other way.

* (1129.) SEC. 163.    *    *    no sale of real estate for non-payment of the taxes thereon shall be rendered invalid by showing that any paper, certificate, return, or affidavit required to be made and filed in any office is not found in the office where the same ought to be filed or found; but, until the contrary is proven, the presumption shall be, in all cases, that such certificate, paper, return, or affidavit was made and filed in the proper office.

The second charge of error is overruled by previous decisions of this court. *Ives v. Kimball*, 1 Mich., 308; *Galpin v. Abbott*, 6 Mich., 17.

It is now objected under the third assignment of error that it was necessary to show and establish that at the date of the deed made by Harold C. Weeks as attorney in fact for Munroe, the latter was in life, and this is the only point made under this allegation of error. It is enough to say that no such ground was taken or suggested at the trial. The objections then made were, *first*, that the acknowledgment was not sufficient; and, *second*, that it was "not by the principal or of the principal." If the present objection had been taken below, it may be that it would have been obviated at once. But if we admit it to be entertained, we are unable to see any force in it.

The fourth and fifth charges of error do not appear to be insisted on.

The ninth charge of error complains that the deed for the tax of 1857 was held void because the supervisor's certificate to the roll of that year certified that he had assessed at the "true value" instead of saying at the "true cash value," as the statute ordered. This ruling is undoubtedly open to difference of opinion, but I am inclined to regard it as sound.

When the Legislature fix a standard for the valuation of property for taxation, it is of course incumbent upon tax officers to comply, and where such compliance is required to be made known by official certificate, the instrument ought to express the fact in terms reasonably certain. No real ambiguity should be permitted. It may not be necessary to use the exact terms found in the statute, but there must be substantial conformity. Now it appears quite impossible to say that in respect to .the valuation of lands by assessing officers for taxation, an assessment at the "true value" must be considered as the same as an assessment at the "true cash value." The legislature were rightly of opinion that the use of the word "cash" in the expression was adapted to mark a criterion to fix more definitely the standard of valuation and. to tend to hinder unjust discrim-

inations and other abuses committed under pretended "true" valuations. It is very common to make a distinction between "value" or "true value" and "cash value" or "true cash value," and it may make a great difference to tax-payers and to the revenue whether the terms of the statute are permitted to be superseded by the expression rejected by the court below.

The policy of the State is to secure uniformity and equality, and this accords with justice. The "cash" standard favors uniformity and equality. It contemplates a limit which the assessor may not exceed or fall short of, and it is a limit which can be more readily and more clearly and certainly apprehended, as a general rule, than any other which could be devised. By means of it, the chances for committing injustice and creating ill-feeling against our revenue system are diminished. The opportunity to assess the property of some much above, and that of others much below the cash rate, and hence the same rate, is reduced. These and other considerations lead me to assent to the view taken by the circuit judge that the statutory requirement could not be dispensed with and that the certificate in question was not a substantial compliance.

The original highway list for 1854 with the warrant attached was produced. It was not signed by any commissioner of highways, but the warrant for collection attached was signed and the return of the overseer of unpaid taxes was endorsed on this list in due form.

The court ruled that the omission of the commissioner's signature to this list made it void and that consequently the overseer had no authority to return the tax, and the supervisor none to spread it.

The eighth charge of error is directed to this ruling. I am inclined to think the court erred. The judge finds, as before stated, that a warrant to collect was attached to this list and that the warrant was signed.

Now I do not discover any provision for a warrant to be attached to the list, and the signature referred to ought, I think, to be regarded as a sufficient signing of the list itself.

This is the only conclusion I am able to reach upon this record.    It is not very clear, and neither counsel has said much about it.

The tenth charge of error is based on the ruling that the failure of the overseer of highways to verify his return to the supervisor of unpaid highway labor assessed for 1865, was a defect which defeated the deed for the taxes of that year.

The decision was right.    The counsel for plaintiffs in error states that the requirement of an oath by the overseer applied only to lands of non-residents, and that the statute continued unaltered up to 1869.    This is a mistake.    The law was so amended as to cover lands assessed as resident, by the act of February, 1865 (Sess. L. 1865, p. 46), and the provision was imperative.    *Upton v. Kennedy*, 36 Mich., 215.

The eleventh charge of error relates to the certificate filed with the board of supervisors on the part of the agricultural society, and on which a tax was raised in 1857, and which tax formed a part of that covered by one of the deeds in question.    The certificate was only signed by the secretary of the society, and not by its president, and the court held it invalid.    The court committed no error.    The law required the concurring action upon oath of both secretary and president of the society as a condition precedent to any right to lay the tax, and the president not having concurred, the board acquired no right whatever to impose it.    1 Comp. L. 1857, § 1687; *Hall v. Kellogg*, 16 Mich., 135.

The twelfth assignment of error complains of the allowance of judgment against each plaintiff in error for a distinct parcel.    The judgment follows the finding, and that seems to be in form as provided by the statute.    Comp. L., § 6230.

The view taken disposes of the case.    The judgment must be reversed with costs, and a new trial ordered.

The other Justices concurred.