THE CITY OF GRAND RAPIDS v. WILLIAM I. BLAKELY.

*Tax unlawfully exacted recovered back—Interest.*

Assumpsit lies to recover back an unlawful tax exacted under color of existing process and paid with protest.

A municipality cannot escape liability for the amount of a tax illegally exacted, on the ground that the money was not to be used for municipal purposes.

A tax roll is invalid for want of a return or certificate showing upon what basis the assessment was made.

Interest will be allowed against a municipality on the recovery back of money illegally exacted as a tax and paid under protest.

Error to the Superior Court of Grand Rapids. Submitted January 22. Decided January 31.

ASSUMPSIT. Defendant brings error.

*Wm. Wisner Taylor* and *J. W. Ransom* for plaintiff in error. The laws of 1839–41 required assessment rolls to be signed and certified to by the assessors, and the omission to sign was not cured by signing the certificate attached, *Sibley v. Smith,* 2 Mich., 486; in 1842 the law was amended, and it was enough to sign the certificate, *Lacey v. Davis,* 4 Mich., 140; in this case the statute only requires the roll to be subscribed by the commissioners, or a majority of them, 2 Sess. L. 1871, pp. 399–400, §§ 39–43. Public officers are presumed to have performed their duties properly. *Thayer v. McGee,* 20 Mich., 195; *Amberg v. Rogers,* 9 Mich., 332; *Peck v. Cavell,* 16 Mich., 11; *Hartwell v. Root,* 19 Johns., 345; *Butterfield v. Radde,* 38 N. Y. Sup'r Ct., 1; 1 Greenl. Ev., § 40; *Jackson v. Shafer,* 11 Johns., 517; *Philip's Ev.,* 157; *People v. Snyder,* 41 N. Y., 397; *Wood v. Terry,* 4 Lans., 80; *Arent v. Squire,* 1 Daly, 347; *Leland v. Cameron,* 31 N. Y., 115; *People v. Carpenter,* 24 N. Y., 86; *Parish v. Golden,* 35 N. Y., 462; *Townsen v. Wilson,* 9 Penn. St., 270. A lawful tax cannot be recovered back for mere

irregularity in the proceedings to collect it (Dill. Mun. Corp., § 751), even if paid under protest, *Lincoln v. Worcester*, 8 Cush., 55.

*Champlin & More* for defendant in error.  In proceedings to assess taxes, the assessor's certificate must recite enough to show that the statute has been complied with, *Warren v. Grand Haven*, 30 Mich., 31; *State v. Hudson*, 5 Dutch., 104.  One can recover back the amount of an illegal assessment in assumpsit (*Look v. Industry*, 51 Me., 375), and it is enough if he pays under protest without a levy, *Atwell v. Zeluff*, 26 Mich., 118.

GRAVES, J.  Blakeley brought assumpsit for money had and received to recover back a sum of money alleged to have been illegally claimed and collected as a special tax for a street improvement in the city.  He obtained judgment in the Superior Court and the city brought error.

The question is raised that a large part of the amount adjudged against the city was in fact paid some time after the warrant for collection had run out, and as a consequence that the payment should be held a voluntary one.  This point is not authorized by the record. In submitting the case the judge distinctly assumed that the tax was demanded under color of process in the marshal's hands and which he held out as in force and as about to be executed in case of non-payment, and that Blakely in fact paid under protest.  To this there was no exception.  Moreover, the judge had ground for his assumption.  The substantial point in controversy related to the original validity of the tax roll and not to minor incidents, and although several charges for the city were asked, there were no requests referring to the present objection,—so far from it, that one stated expressly that the money was *collected* and *paid over* as a tax.

The further point that as the fund is not for city use, the city is not liable, is untenable.  If the money was illegally exacted by the marshal under color of city

authority, and was by him paid to and received by the city, the latter cannot escape liability by reason of the special object of the tax. Where the party entitled demands restoration, it is no answer for the city to say that it holds the fund for somebody else. *Joyner v. Third Sch. Dist. in Egremont,* 3 Cush., 567.

The assessment here in question, like that in *Warren v. Grand Haven,* 30 Mich., 24, was for a special object, and the proceeding necessarily involved, as it did there, a just allowance for benefits or advantage from the improvement to each one assessed. But the roll contained no return or certificate by the commissioners nor any paper making known the manner in which they proceeded. They barely subscribed their names.

The judge ruled that the case was governed by *Warren v. Grand Haven,* supra, and that the roll was invalid. An effort is now made to distinguish the cases, but we are unable to find any distinction in principle. Indeed the cases are very similar in their facts and in principle identical.

In the former case the proceedings were regulated by an ordinance made under authority given by the charter, and it devolved the duty of making assessment, upon the mayor and required that he should subscribe the roll and return it as speedily as might be to the common council. He appended a certificate to the roll, but it failed to show that the assessment had been made on the basis prescribed by the ordinance.

In this case the proceedings are regulated directly by the charter itself, and an assessment is required to be made by commissioners, and the law provides that the roll shall be subscribed by them or a majority of those who shall have acted in the premises, and shall be returned as speedily as may be to the common council of the city. 2 Sess. L., 1871, pp. 399, 400; act 218, tit. VI., § 40, and the second section thereafter (§ 42) founds the right to take further steps upon the filing of such "*return.*"

40 MICH.—47.

These regulations, no less than the nature of the thing itself, import a necessity for some certificate declaratory of the mode in which the commissioners have acted and making. known that they have complied with the duty imposed upon them by law.

The promissory oath taken at the beginning is not enough. The city and all parties in interest are entitled to be distinctly informed after the event as to what has been done and thereby to be enabled to see whether in truth those conditions have been complied with, which the law holds as imperative. The question is fully discussed in the case before cited, and no further comment is needed.

We see no objection to the allowance of interest. The ground of action is that the city has without any right held and retained the money of defendant in error against his claim, and this being established, it is no more than just that he should recover interest at seven per cent., the rate which the judge permitted.

No error being established, the judgment should be affirmed with costs.

The other Justices concurred.