## NATHANIEL I. DANIELS v. TOWNSHIP OF WATERTOWN.

*Void assessment—Assumpsit to recover back amount of tax.*

1. Assumpsit lies to recover back money paid into a township treasury in satisfaction of taxes illegally assessed and collected.

2. A township's liability to refund the amount of an illegal tax collected by the township treasurer is fixed by proof that he took the money in his official capacity.

3. A tax is illegal if the supervisor's certificate to the assessment roll fails to state that the valuation of the property assessed was "not at the price it would sell for at a forced or auction sale."

Error to Clinton. (V. H. Smith, J.) Oct. 24.—Nov. 19.

ASSUMPSIT. Defendant brings error. Affirmed.

*A. Stout* and *Spaulding & Barker* for appellant.

*H. J. Patterson* for appellee.

CHAMPLIN, J. This is an action in assumpsit brought to recover back money paid by the plaintiff to the township treasurer for taxes claimed to have been illegally assessed against plaintiff for the year 1879. The declaration was upon the common counts, with a bill of particulars specify-

ing that the action was brought to recover $66.72, and interest at seven per cent. from January 1, 1880, received of plaintiff, claimed to be taxes assessed and collected of plaintiff for the year 1879. The defendant pleaded the general issue. The cause was tried before the court without a jury, who made a special finding of facts and law as follows, viz.:

"This cause having been tried April 12, 1884, without a jury, and counsel having asked that the facts be found in writing by the court, I hereby find them to be as follows:

*First.* Plaintiff is a resident and tax-payer in the township of ' Watertown, Clinton county, Michigan, having real estate to be assessed and taxed therein, and also personal estate to be assessed in said township.

*Second.* The supervisor of the township attempted to levy a tax upon his (plaintiff's) real estate and personal property in said township for the year 1879 to the amount of fifty-nine dollars and ninety-six cents.

*Third.* The plaintiff refused to pay the tax to the township treasurer on the ground that no assessment or levy of tax had been made as required by the statute.

*Fourth.* The township treasurer, after the refusal to pay the tax, seized, by virtue of a tax-roll and warrant for said year, the property of the plaintiff and sold it to satisfy the tax, taking one yoke of oxen and selling them January 27, 1880, for enough to pay the taxes and expenses. The amount of the tax, fifty-nine dollars and ninety-six cents, was received by the township treasurer of said township as the proceeds of the sale after payment of expenses.

*Fifth.* The assessment roll for said township for the year 1879 had annexed thereto a certificate in the following words:

'SUPERVISOR'S OFFICE, May 20th, 1879.

I do hereby certify that I have set down in the above assessment roll all the real estate in the township of Watertown to be taxed according to my best information, and that I have estimated the same at what I believe to be the true cash value thereof; that the said assessment roll contains a true statement of the aggregate valuation of the taxable personal estate of each and every person named in said roll and that I have estimated the same at the true cash value as aforesaid according to my best information and belief.

GEORGE W. KINNEY,
Supervisor and Assessor of the Township of Watertown.'

*Sixth.* The words 'and not at the price it would sell for at a forced or auction sale' are not in the certificate to the said assessment roll for 1879.

The different kinds of taxes and amounts making up the said fifty-nine dollars and ninety-six cents were as follows:

| | |
|---|---:|
| State tax . . . . | $ 7 85 |
| County tax . . . . | 9 31 |
| Township tax . . . | 10 58 |
| Highway tax . . . . | 2 70 |
| School tax . . . . | 29 52 |
| Making a total . . . | $59 96 |

*Eighth.* Of this fifty-nine dollars and ninety-six cents the sum of sixteen dollars and ten cents was upon personal property.

From the foregoing facts I conclude that there was not a valid assessment of plaintiff's real estate or personal property for the year 1879 in said township, and that collection by the township treasurer of the plaintiff by the sale of his property, of the fifty-nine dollars and ninety-six cents was unauthorized and illegal, and that the plaintiff is entitled to recover the said fifty-nine dollars and ninety-six cents with interest thereon at seven per cent. from January 27, 1880, the date of said sale, which interest is seventeen dollars and sixty-one cents, making a total of seventy-seven dollars and fifty-seven cents.

Let judgment be entered for plaintiff and against defendant for seventy-seven dollars and fifty-seven cents with costs to be taxed.

VERNON H. SMITH, Circuit Judge."

The errors assigned are:

*First.* That the circuit judge erred in his decision that the plaintiff's declaration and bill of particulars set forth a cause of action.

*Second.* That the circuit judge erred in allowing the plaintiff to introduce any testimony on the trial of said cause.

*Third.* That the judgment is not supported by the finding of facts.

Assumpsit is a proper form of action to recover back money paid for taxes illegally assessed and collected where such moneys have gone into the township treasury. The officer who collected the tax being the treasurer of the town-

ship, no further proof is required than to show that he received the money in his official capacity, in order to fix the liability of the township to refund in case such tax is shown to have been illegal. *Grand Rapids v. Blakely* 40 Mich. 367; *Joyner v. Third School Dist. in Egremont* 3 Cush. 567; *Look v. Industry* 51 Me. 375. The tax in question was clearly illegal. This has been settled by the previous decisions of this Court, which so fully cover the point as to render further discussion unnecessary. *Clark v. Crane* 5 Mich. 151; *Hogelskamp v. Weeks* 37 Mich. 426; *Silsbee v. Stockle* 44 Mich. 561; *Warren v. Grand Haven* 30 Mich. 24; *Grand Rapids v. Blakely* 40 Mich. 367; *Grand Rapids v. Leonard* 40 Mich. 370; *Gilchrist v. Manning* 54 Mich. 210.

The judgment is affirmed.

The other Justices concurred.