JOSIAH E. HARDING v. JOHN C. BADER AND DANIEL DOUGLASS.

*Taxes—Township board—Voting money for township expenses— Agricultural societies.*

1. A township board is a body of *special* and *limited* jurisdiction, which must appear upon the face of their records. *People v. Supervisor of Blackman,* 14 Mich. 336.

2. The authority of a township board to vote money for township expenses depends upon the *neglect* or *refusal* of the qualified electors to vote the sums necessary to defray the *ordinary* township expenses at the *annual* township meeting ; which neglect or refusal must be shown by the record of the board, and also that the sum voted is for *ordinary* township expenses.

3. In order to authorize a township board to vote money at a special meeting, to be raised by taxation, the record must show that all of the four members were notified of or were present at such meeting.

4. The adoption by a board of supervisors of the report of its committee on agriculture, recommending the appropriation of $300 to a county agricultural society, and of its finance committee, including in its schedule of sums to be raised by taxation "agriculture, $300," will authorize the raising of said sum as a part of the county tax, if the proper certificate is filed.

Error to Allegan. (Arnold, J.) Argued April 12, 1889. Decided June 21, 1889.

Ejectment. Defendants bring error. Reversed. The facts are stated in the opinion.

*Thomas A. Wilson,* for appellants.
*Silas Stafford,* for plaintiff.

CHAMPLIN, J. Harding recovered below in an action of ejectment against defendants.

His claim of title as sustained on the trial was based upon two deeds executed by the Auditor General, and delivered to the plaintiff; one for the sale of the land in question for the taxes of 1875, and the other for the year 1878.

Bader was in possession at the time the suit was brought by Douglass, as his tenant, claiming title in fee, through title derived from the United States.

The land is situated in the township of Wayland, Allegan county.

At the annual township meeting held on the fifth of April in the year 1875, $175 was voted to be raised for incidental expenses for the current year, which vote was entered upon the records of such meeting.

The record of the proceedings of the township board of Wayland, held September 13, 1875, states that the said township board met pursuant to call of the supervisor and was organized, with Nash, supervisor, Stockdale, justice of the peace, and Hoyt, clerk of said township, all present; and that,—

"On motion of David Stockdale, the supervisor was authorized to spread $125, in addition to the sum voted at the last township meeting of the township, for township expenses."

There was no express statement in the record that the township board found that the electors neglected or refused to vote a sufficient sum for such expenses at the annual township meeting, and no express statement that the sum so voted by the electors was insufficient to meet the township expenses for the then current year.

The statute empowers the inhabitants of each township,—

"At any legal meeting, by a vote of the qualified electors thereof, to grant and vote sums of money, not exceeding such amounts as are or may be limited by law, as they shall deem necessary for defraying all proper charges and expenses arising in the township." How. Stat. § 671.

It is made the duty of the township clerk to—

"Transcribe, in the book of records of his township, the minutes of the proceedings of every township meeting held therein." How. Stat. § 740.

He is also the clerk of the township board, and is required to keep a true record of all their proceedings. How. Stat. § 748.

The township board is required, at their annual meeting on Tuesday next preceding the annual township meeting, to examine and audit all accounts of the treasurer and other township officers, and also all claims against the township. All accounts audited by the board must be filed and preserved by the township clerk, and produced at the next annual meeting, which takes place on the succeeding Monday. How. Stat. §§ 746, 747, 749.

It is also provided, by section 750,—

"That whenever the qualified electors of any township, at the annual township meeting, shall neglect or refuse to vote such sum or sums of money as may be necessary to defray the ordinary township expenses, the township board of any such township is hereby authorized, at any regular meeting, to vote such sum or sums as may be necessary for that purpose, not exceeding such amounts as are or may be limited by law." [1]

Under the foregoing facts, and the statutes above cited, the circuit judge found, as matter of law, that there was no presumption that the township board voted this tax without authority; that there was no showing that this additional sum was not in fact necessary to defray the ordinary expenses of the township for the then current year; that there is no

---

[1] Act No. 60, Laws of 1887, limits the amount to one thousand dollars.

statute requiring the township board to expressly determine of record the sum voted by the electors to be insufficient, or that an additional sum is required for that purpose; that the record implies the township board found an additional sum to be necessary, and voted to raise such sum; that it was in fact a regular meeting, it being called by the supervisor, and all the members of the board were present; that the action of the township board was sufficient in fact and in law to authorize the sum of $125, in addition to the sum of $175 voted at the annual township meeting, for contingent or township expenses to be spread upon the assessment roll.

I do not consider that the conclusions of law above stated follow from the facts found by the circuit judge.

The township board, as has been held by this Court, is a body of special and limited jurisdiction. *People v. Supervisor of Blackman,* 14 Mich. 336. The rules applicable to agencies of circumscribed, limited, and special authority must be applied to the proceedings had by township boards. One of these is that it must appear upon the face of their records that they had jurisdiction to act in the matter which is called in question.

The township board is not authorized by law to vote such sum or sums of money as they shall deem best for township expenses, nor are they authorized to vote money to defray township expenses at their pleasure. Their authority to act, under section 750, depends upon the neglect or refusal of the qualified voters at the annual township meeting to vote such sum or sums as may be necessary to defray the ordinary township expenses. The record must show the neglect or refusal of the voters at the annual meeting, and it must also show that the sum voted by the township board was for *ordinary* township expenses.

The law places the right of voting money, to be raised by taxation to defray township expenses, in the majority of the qualified electors, to be exercised on the annual township

meeting. The law provides for placing before the electors the sums necessary to be raised for the ordinary expenses of the township. How. Stat. §§ 749, 1800, 1801. And it also provides that, in case they shall neglect or refuse to vote the sums necessary, then the township board may do so.

The record of the township board did not show that the voters at the annual meeting neglected or refused to vote the sum or sums necessary to defray the ordinary expenses of the township, nor did it show that the sum voted by the township board was for ordinary expenses. On the contrary, the records of the township meeting showed that the qualified voters did provide and vote $175 for township expenses; and, for anything that appears from the records, it was sufficient to defray the ordinary expenses of the township for the current year.

There is no presumption that the voters at the annual township meeting did not vote a sufficient sum to defray the township expenses. The presumption is just as strong that they did, in support of the action of the voters, as that they did not, in support of the action of the township board. When the records are in evidence, they must speak for themselves, and are not aided by any presumption of right official action which the records do not contain that is essential to the validity of the proceedings. *Dickison v. Reynolds*, 48 Mich. 158 (12 N. W. Rep. 24); *Boyce v. Sebring*, 66 Id. 210 (33 N. W. Rep. 815). The additional sum of $125 voted by the township board was unauthorized, and rendered the tax deed for 1875 void.

The action of the township board was invalid for another reason. The board consists of the supervisor, two justices of the peace whose term of office will soonest expire, and the township clerk, any three of whom shall constitute a quorum for the transaction of business. How. Stat. § 744.

The statute provides that the board can vote to raise money for township expenses, at regular meetings. It does not pre-

scribe when regular meetings shall be held, but that is left to be regulated by the board, as its standing rules or orders may provide. The records do not show that the action of the board was had at a regular meeting; on the contrary, they do show that it was at a called or special meeting; in which case, the records must show that all of the members were notified, or were present at the meeting. The record of the meeting of the township board held on Sept. 13, 1875, shows that only three members were present, namely, the supervisor, one justice of the peace, and the township clerk, and does not show that the other justice was notified. A board thus convened would have no authority to vote money to be raised by taxation upon the township. 1 Dill. Mun. Corp. (3d ed.) §§ 262, 263, 286.

The nineteenth finding of fact and law is as follows:

" The record of the proceedings of the board of supervisors, at their October session in 1875, was put in evidence, and shows that on October 15, of said session, the committee of said board upon agriculture made its report. Among other matters contained in said report is the following recommendation, viz. :

" ' That there be appropriated by the board the sum of $300, to be raised by tax this year, to be appropriated as follows: $220 to the Allegan County Agricultural Society, and $80 to the Union Agricultural Society.'

"This report was on motion amended, so as to give the entire amount of $300 to the Allegan County Agricultural Society; and the report, so amended, was accepted and adopted by said board.

" On the same day the committee of said board on finance made its report, and therein recommended the raising by tax upon the taxable property of the county of Allegan, and to be spread upon the assessment rolls for 1875, several sums for different county purposes, amounting in the aggregate to $33,500; and among the items so recommended is this: 'Agriculture, $300.' This report was, on the same day, accepted and unanimously adopted by the said board, and the total amount, $33,500, and no more, was duly apportioned among the several townships in the county; and the

sum so apportioned to the township of Wayland was spread upon the assessment roll for that year, in the column of 'county taxes.'

"It is claimed, on the part of the defendants, that the board of supervisors had no authority to raise by tax the sum of $300, or any less sum, for 'Agriculture,' and that the levy thereof was therefore void; and, as a consequence, the plaintiff's tax title for that year is void.

"The record as above set forth, taken together, sufficiently shows that the $300, termed 'Agriculture' in the report of the committee on finance, means the same item of $300 recommended in the report, as amended, of the committee on agriculture to be appropriated to the Allegan County Agricultural Society, and not another or different item; and no claim is made that the board had not ample authority to vote this sum to be raised for the benefit of said society."

The law authorizing the board of supervisors to levy a tax for the benefit of agricultural societies is found in How. Stat. § 2298. We have several times held such levies void for non-compliance with the statute. *Hogelskamp v. Weeks,* 37 Mich. 428; *Hall v. Kellogg,* 16 Id. 135; *Silsbee v. Stockle,* 44 Id. 564 (7 N. W. Rep. 160).

The sworn certificate required by the statute is required to be filed with the clerk of the board. No question is made that such certificate was not filed, and the court rightly ruled that the levy of $300 for "agricultural purposes," in the light of the whole record, did not invalidate the tax, or the deed based thereon, for that cause,

The deed based upon the tax of 1878 is assailed for several reasons, but it is only necessary to mention two.

The qualified voters at the annual township meeting voted to raise $200 for contingent expenses. The records of the proceedings of the township board for the township of Wayland at a meeting held October 8, 1878, was put in evidence, and shows that—

"The board met according to call of the supervisor;" that there were present Fitch, supervisor, Trude, justice of the peace, and Chapple, clerk of said township; and that, on

motion of Fitch, "$475 was voted to be raised for contingent expenses for 1878;"—

But there is no statement in this record that said board found it necessary to raise any sum for contingent expenses, or any sum in addition to that voted at the annual township meeting for that year.

What has been said with reference to the proceedings of the township board for 1875 applies equally to those of October 8, 1878, and need not be repeated. The sum voted was unauthorized, and the deed based upon such unauthorized levy cannot be sustained.

The judgment must be reversed, and a new trial granted, with costs of both courts to defendants.

The other Justices concurred.