DIAMOND MATCH CO. *v.* VILLAGE OF ONTONAGON.

TAXATION — MUNICIPAL CORPORATIONS — HIGHWAYS — EXTRA ASSESSMENTS—PRESUMPTIONS.

> Where a village levies a tax of three-fourths of 1 per cent for highway purposes, it will be assumed in favor of the validity of the tax that its action in so doing was warranted by the facts and circumstances (§ 3443, 1 Comp. Laws), though there was no previous determination of the council of the necessity of levying a tax in excess of the one-half of 1 per cent authorized by the general village law, Act No. 3, Pub. Acts 1895.

Error to Ontonagon; Haire, J.   Submitted April 7, 1905.   (Docket No. 42.)   Decided May 12, 1905.

Assumpsit by the Diamond Match Company against the village of Ontonagon for taxes paid under protest.   There was judgment for plaintiff, and defendant brings error.   Reversed.

*W. R. Adams* (*Chadbourne & Rees*, of counsel), for appellant.

*Ball & Ball*, for appellee.

MONTGOMERY, J.   The only question at issue in this case relates to the validity of the assessment by the village of Ontonagon in the years 1902 and 1903 of one-fourth of 1 per cent. highway tax in excess of one-half of 1 per cent.   Action was brought by the plaintiff to recover back from the village the amount of this excess as levied upon the real and personal property of the plaintiff in the village of Ontonagon.   The action included claims for taxes based upon alleged defects in the description of certain parcels of property, but on this branch of the claim the decision of the court below was in favor of the defendant, and judgment was rendered in favor of the plaintiff for the amount which the plaintiff had paid after levy, and under threat of sale, in excess of one-half of 1 per cent. for highway taxes, such excess amounting to $427.81 for the year 1902 and $575.25 for the year 1903, which items, with interest, resulted in a judgment in favor of the plaintiff for $1,079.38 damages.   In each of the years in question the village of Ontonagon levied a tax of three-fourths of 1 per cent. for highway purposes.   This tax was assessed against the property of the plaintiff, and, as above stated, was paid by it involuntarily, and suit was brought to recover back the amount so paid in excess of one-half of 1 per cent.   In each year the proceedings with relation to this tax were the same, and the only record in the proceedings of the village council covering the assessment in

question is, in each year, as follows: "On motion, a tax of three-fourths of one per cent. was levied on the assessed valuation for highway purposes." The law under which the village is maintained, being Act No. 3, Pub. Acts 1895, chap. 9, § 2, permits the council to raise "by general tax upon all real estate and personal property aforesaid, such sum not exceeding one-half of one per cent. of the assessed value of said property as they shall deem necessary for highway and street purposes." To the extent of one-half of 1 per cent. the tax in question is conceded to be valid, and it is conceded by defendant that the judgment in favor of the plaintiff for the excess of one-fourth of 1 per cent. and interest is warranted if there was no authority for the levying of such excess. It is conceded by plaintiff's counsel that under section 3443, 1 Comp. Laws, power to levy an additional tax for highway purposes does exist. This section, after imposing the duty upon municipalities of keeping the highways and bridges in a condition reasonably safe and fit for public travel, provides as follows:

"And when the means now provided by law are not sufficient to enable any township, village or city to keep its public highways, streets, bridges, sidewalks, crosswalks and culverts in good repair, such township, village or city is hereby authorized to levy such additional sum upon the taxable property of said township, village or city, not exceeding five mills on the dollar in any one year, as will enable such township, village or city to keep its public highways, streets, bridges, sidewalks, crosswalks and culverts in good repair at all times."

The contention of the plaintiff (which prevailed below) is best stated in the language of the brief of plaintiff's counsel, which we quote:

"Village councils have certain powers relative to the levying of taxes for general purposes and under general laws. They have certain powers which are only to be exercised when the need exists, or under exceptional circumstances; and there must be a determination by the village council that the exceptional facts exist, in order to entitle

them to act accordingly. The general authority of the village council is exhausted by the levy of one-half of 1 per cent., and, in order to authorize them to levy a further sum under their special powers, there must be a determination by them that the additional amount is necessary in order to authorize them to exercise their exceptional or special powers, and that determination must appear upon their records, and not be left to the memory of the board, or in parol, to justify the levy of the tax and make it valid."

On the other hand, the defendant contends that the statute quoted plainly confers the power to levy an additional one-half of 1 per cent. when the necessity exists for such levy; that jurisdiction to levy this tax was conferred upon the common council; and that, as this jurisdiction is not made to depend upon any previous action or nonaction of any other body, nor upon any previous record of determination by the council itself, the usual presumption of regularity of official action should obtain. We think this contention is not met by the authorities cited by the plaintiff's counsel and accepted by the court below.

The accepted rule of law is well stated in 1 Cooley on Taxation (3d Ed.), 582:

" In all legal proceedings, after proper evidence is given of municipal action, it is always to be assumed that the municipality, whether represented by its people or by its official board, has acted wisely and well upon all matters of policy and of discretion which have been submitted to it, and that the conclusion was *warranted by the facts and circumstances* which were the basis of its action. The courts have no power to review their action, so long as they are found to have kept within the limits of their authority."

The cases relied upon by plaintiff's counsel are *Harding* v. *Bader*, 75 Mich. 316; *Newaygo County Manfg. Co.* v. *Echtinaw*, 81 Mich. 416; *Gamble* v. *Stevens*, 78 Mich. 303; *Auditor General* v. *Railway Co.*, 116 Mich. 122. The case of *Harding* v. *Bader* states the rule followed in the later cases. It was there held that it was the statutory duty of the proper authorities to submit to the electors at the annual township meeting a statement of the

sums necessary to be raised by taxation for the ensuing year, and that the township board has, under the statute, authority to act only after this is done, and the electors have neglected or refused to vote the necessary funds, and that where the record fails to show that this opportunity was afforded to the electors, and that they did refuse or neglect to vote money, there is no jurisdiction in the township board to levy a tax. These cases are clearly distinguishable from the present. The jurisdiction of the common council depended upon no previous action of another board or body. The council was authorized to levy this tax, and there is nothing in either statute which requires any previous determination of the necessity for an increased amount by the council.

The judgment is reversed, and judgment will be entered for defendant, with costs of both courts.

CARPENTER, MCALVAY, GRANT, and HOOKER, JJ., concurred.