[No. 8659. Department One. May 20, 1910.]

E. M. MOSES, *Appellant,* v. P. SUMMERSETT, *Treasurer of Lewis County, et al., Respondents.*[1]

AGRICULTURE—FAIRS—PUBLIC AID—COUNTIES — APPROPRIATIONS—STATUTES—CONSTRUCTION. Under Rem. & Bal. Code, § 3024 *et seq.,* which provides that any fair association which has a corporate existence for the purpose of holding fairs may apply to the county commissioners for aid, that the commissioners shall be *ex officio* members of the county fair association, and that all buildings and structures shall belong to the county making the appropriation, and that vouchers for all expenditures of money appropriated shall be made to the county commissioners, a county has no power to appropriate money in aid of the Southwest Washington Fair Association, a state institution (created by virtue of Rem. & Bal. Code, § 3012 *et seq.*) managed by commissioners appointed by the governor and empowered to acquire land for holding fairs under a state appropriation therefor; since the act authorizing county aid to fairs is to be strictly construed, and requires the management and title to be vested in the county, without any indication of legislative intent to authorize county appropriations in aid of a state institution; especially as the act in which such authority is sought antedates the act creating the state institution.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered October 28, 1909, upon sustaining a demurrer to the complaint, dismissing an action to enjoin the payment of warrants drawn on the current expense fund of a county for the use and benefit of a state fair association. Reversed.

[1] Reported in 108 Pac. 943.

*Forney & Ponder, G. E. Hamaker,* and *Reynolds & Stewart,* for appellant.

*C. D. Cunningham* and *J. R. Buxton,* for respondents.

CHADWICK, J.—Chapter 237, Laws 1909, page 857 (Rem. & Bal. Code, § 3012 *et seq.*), after reciting that, "the public welfare requires that there be and hereby is established a state institution, to be known as the Southwest Washington Fair Association," declares the objects and purposes of such association, provides for the inclusion of certain counties to be known as a fair district, provides for its management by certain commissioners to be appointed by the governor, fixes their terms of office, their duties and responsibilities, defines their powers, fixes a location at which the fair is to be held, provides for the acquisition of land, and makes an appropriation to carry out the provisions of the law. As provided by the terms of the law, the state, or possibly the counties comprising the district, acquired title to certain lands located between the cities of Chehalis and Centralia in Lewis county.

On June 22, 1909, the board of county commissioners of Lewis county passed a resolution appropriating out of the current expense fund of the county the sum of $5,000 in aid of, and for the use of, the fair association. Warrants in denominations of $500 each, payable to the order of the treasurer of the fair association, were drawn by the county auditor. These have been presented to, and registered by, the treasurer of the county, and will be paid in the regular order unless that officer is restrained. Plaintiff brought this action setting up the facts as briefly stated by us. A demurrer was filed by the defendants and sustained by the court, upon the grounds that the complaint did not state facts sufficient to constitute a cause of action. Plaintiff has appealed.

As we read the record, the only question calling for our opinion is, whether the appropriation can be sustained by

reference to chapter 174, Laws 1903, page 363 (Rem. & Bal. Code, § 3024 *et seq.*), entitled: "An act to encourage county agricultural associations and fairs, and to provide funds therefor," section 1 of which reads as follows:

"Any agricultural fair association which has a corporate existence for the purpose and object of holding a fair and agricultural exhibition of stock, cereals and agricultural produce of all kinds, including dairy produce as well as arts and manufactures in any county, may apply to the board of county commissioners of such county for grant to pay expenses and premiums awarded."

It is also provided that the board of county commissioners shall be *ex officio* members of the county fair association, in all counties where appropriations are made under the provisions of the act. This act was amended by the last legislature, chapter 62, Laws 1909, page 113 (Rem. & Bal. Code, § 3025 *et seq.*). As amended, the act provides that any and all buildings and structures erected with the funds so appropriated shall become the property of the county making such appropriation, and that full and complete vouchers, covering all expenditures of public money appropriated by the county, shall be made to the board of county commissioners before the close of each calendar year.

Although it is contended that the Southwest Washington Fair Association has a corporate existence within the meaning of the law of 1903, a contention which may well be questioned, we think the judgment of the lower court must nevertheless be reversed. It is admitted that the right to use or appropriate public moneys must be given by statute, but it is insisted that we should follow the intent rather than a literal interpretation of the law. If such be the rule, there is absolutely nothing in the law of 1903, or the amendments thereto, to indicate that the legislature intended to give the county commissioners the right to appropriate county funds in aid of a state institution. It is only in cases where the statute is ambiguous or doubtful and requires construction

that courts are warranted in leaving the plain mandate of the law and speculating upon the intent of the legislative body.

"When the means for the exercise of a granted power are given, no other or different means can be implied because more effectual or convenient." *Bloomer v. Todd*, 3 Wash. Ter. 599, 19 Pac. 135, 1 L. R. A. 111.

Aside from this, the law of 1903 and the amendment of 1909 antedated the law creating the Southwest Washington Fair Association, so that to impute an intent to permit an appropriation of county funds to this fair association, we would have to presume that it had in mind a general application of the statute, when upon its face it is special in the sense that it applies to a certain defined object. If the commissioners can appropriate the funds of the county at all, it must be, as contended, under the act of 1903. This being so, the appropriation must also be subject to expenditure under the terms of that act. The law does not work piecemeal. Under respondents' theory the Southwest Washington Fair Association could expend the moneys without regard to the objects of the grant; whereas, the law is that the county commissioners shall be *ex officio* trustees of the association receiving the grant, implying, if not expressly providing, that the funds should be expended under their direction. In any event, the right of auditing all accounts and expenditures is reserved to them. Nor does the law of 1903 intend a free gift, as this appropriation must be if sustained; but provides in terms that all buildings and structures erected with the funds appropriated shall be the property of the county. But for these conditions, the validity of the act might well be doubted. Laws granting aid to agricultural societies have been generally upheld, but have always been strictly construed. *Harding v. Balder*, 75 Mich. 316, 42 N. W. 942; *Agricultural Society v. M'Intyre*, 17 Johns. 87; *Warren County Agricultural Joint Stock Co. v. Barr*, 55 Ind. 30; *Hogelskamp v. Weeks*, 37 Mich. 422; *Hall v. Kellogg*, 16

Mich. 135; *Silsbee v. Stockle*, 44 Mich. 561, 7 N. W. 160, 367.

Finding no warrant in the statute for extending the terms of the 1903 statute to cover this appropriation, the judgment of the lower court is reversed. This cause will be remanded with instructions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.