POWERS *v.* ROCKWELL.

TAXATION—PARTIES—ACTIONS FOR MONEY PAID UNDER PROTEST—TOWNSHIPS—MUNICIPAL CORPORATIONS.

An action of assumpsit, brought under 1 Comp. Laws, § 3876, 1 How. Stat. (2d Ed.) § 1821, for taxes paid under protest on the ground that the tax was illegally assessed for cement walks constructed on the grounds of the courthouse of Eaton county, must be instituted against the township as defendant; the township treasurer is not the proper party.

Error to Eaton; Smith, J. Submitted April 3, 1912. (Docket No. 22.) Decided October 1, 1912.

Assumpsit by Eugene Powers against Sidney S. Rockwell, treasurer of the township of Vermontville, Eaton county, Michigan, for the recovery of taxes paid under protest. Judgment for defendant; plaintiff brings error. Affirmed.

*Joseph B. Hendee* and *Rosslyn L. Sowers*, for appellant.

*R. R. McPeek*, for appellee.

McAlvay, J. Appellant brought suit against defendant, treasurer of the township of Vermontville, Eaton county, to recover in assumpsit the amount of certain taxes paid by him and his assignors to defendant as township treasurer, under protest. To the special count in the declaration filed in the case, defendant interposed a demurrer upon the grounds that this count of the declaration charged no legal liability against the defendant, and that it averred no cause of action. This demurrer was sustained by the trial court. The case proceeded to trial upon the common counts before the court without a jury. Requests for special findings of fact and conclusions of law were made in writing, and were found and filed by the court.

The facts in the case are not disputed. They arise from the action of the board of supervisors of Eaton county in authorizing the construction of certain cement walks within the courthouse square in the city of Charlotte, and certain curb and gutter constructed upon two sides of said premises, which is the property of the county of Eaton, and in including the sum of money paid for such construction in the taxes apportioned, assessed, and levied upon the taxable property of said county. Plaintiff and his assignors, claiming such expenditure to have been made without authority of law, being taxpayers in the township

of Vermontville, paid the amount assessed against their several properties under protest in writing, as provided by statute under which this suit was brought in assumpsit to recover the same.    The court found, as a matter of law—

"That, inasmuch as the taxes in question were paid under protest under section 3876 of the Complied Laws of the State of Michigan for the year 1897, the plaintiff's remedy, if he had any, would have been by suit against the township of Vermontville, and that plaintiff has no right of action against defendant."

This question, as already appears, was first raised upon the demurrer to the first count, and was decided by the court in favor of the defendant.    Later, during the trial before the court under the common counts, it was again raised by objection to the introduction of any testimony tending to hold defendant liable in this case, brought under the statute to recover taxes paid under protest within the time limited for such payment.    The question was determined by the court in favor of defendant, as appears from the first conclusion of law, above quoted.

The right given to the taxpayer to pay under protest, and within a limited period thereafter to bring suit to recover, if such tax is shown to be illegal, is created by statute.    This statute (section 3876, 1 Comp. Laws, 1 How. Stat. [2d Ed.], § 1821), as amended, provides as follows:

"Any one  *  *  *  may pay any tax, whether levied on personal or real property, under protest to the treasurer, specifying at the time in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given.    The person paying under such protest may, within thirty days, and not afterwards, sue the township for the amount paid, and recover, if the tax is shown to be illegal for the reason specified in such protest."

In the instant case this disputed tax was included by the board of supervisors in the contingent fund, and in due course was assessed under the general tax law against

171 MICH.—42.

the property in the county.    Its legality being questioned by plaintiff and his assignors, protest in writing was filed, specifying the grounds of such protest.    From this record it appears, without dispute, that this suit is founded solely upon this statute.    We agree with the learned trial judge that this suit could be brought only against the township, as the statute in terms specifically provides.    This tax against which protest was made was assessed under the general tax law, and by its provisions, above quoted, the township was the proper party to be made defendant. This court has so held, and distinguished between cases brought under this provision of the general tax law and drain tax and similar cases.    *Taylor* v. *Township of Avon*, 73 Mich. 604 (41 N. W. 703); *Daniels* v. *Township of Watertown*, 55 Mich. 376 (21 N. W. 350). Questions relative to the validity of the action of the board of supervisors cannot be considered, for the reason that the proper defendant is not before the court.

The judgment of the circuit court is affirmed.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred.  BIRD, J., did not sit.