PENINSULA IRON COMPANY v. TOWNSHIP OF CRYSTAL FALLS. (No. 1.)

*Tax law of 1882—Payment of land tax under protest—Protest must be reasonably specific as to errors complained of—Payment of land tax made prior to January, voluntary.*

1. While no technicality of averment is called for in a protest against the payment of taxes, there should be something to point out the true cause of complaint.

2. Where a protest was "on the grounds that the lands are unequally and unjustly assessed, and that the township and highway taxes are illegal and unjust,"

*Held*, that the ground of inequality of assessment is the only one which can be called a distinct ground of illegality, and *that* is insufficient without some more definite indication of the nature of the inequality complained of.

3. Payment of taxes on real estate made prior to January, under the law of 1882, are voluntary, the right of the treasurer to enforce collection being suspended until that time; and such payments, if made, cannot be recovered back without compliance with the statute in making a specific, instead of a general protest.

Error to Marquette. (Grant, J.) Argued February 4, 1886. Decided February 10, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*F. O Clark* and *Ball & Hanscom*, for appellant:

The protest is sufficient if it informs the tax collector that the tax is paid under a claim that it is unjust and illegal and it is not necessary to specifically set forth, with the accuracy of a pleading, the grounds upon which he claims such illegality. "Taxes illegally assessed and paid may always be recovered back, if the collector understands from the paper that they are regarded as illegal, and that a suit will be instituted to compel the refunding of the money so paid :" Desty on Taxation, 797 ; *Parcher v. Marathon Co.* 52 Wis. 388 ; and it is not necessary to state facts of which the tax collector has notice : Desty on Taxation, p. 797 ; *Meek v. McClure*, 49 Cal. 623 ; *Mason v. Johnson*, 51 Cal. 612 ; *Smith v. Farrelly*, 52 Cal. 77. But if the protest was insufficient, the right of action for money had and received certainly existed : Cooley on Taxation, 568, 1st Ed. ; Dill. on Munic. Corp. § 751, Ed. 1872 ; *Erskine v. VanArsdale*, 15 Wall. 75–77 ; *Grand Rapids v. Blakely*, 40 Mich. 367 ; *Louden v. East Saginaw*, 41 Mich. 18 ; and payment under protest is an assertion of the illegality of the tax : 2 Desty on Taxation, 797 ; *Louden v. East Saginaw*, 41 Mich. 18. Where a sale would constitute a cloud upon the title to lands, payment of the tax would be involuntary : *Hays v. Hogan*, 5 Cal. 241 ; *Detroit v. Martin*, 34 Mich. 174. Assumpsit for money had and received, is the proper action to recover

illegal taxes paid under protest: Cooley on Taxation, 569; *Nickodemus v. East Saginaw*, 25 Mich. 456; *Louden v. East Saginaw*, 41 Mich. 18. This remedy exists both at common law and by statute [Public Acts of 1882 p. 20]; and the statutory remedy is merely cumulative: 1st Ed. Sedgwick on Statutory etc. Law, pp. 93, 104, 402; Abbott's Digest of Law of Corp. 401 § 236; Angell and Ames on Corp. 11th Ed. § 622; *Tilden v. Young*, 39 Mich. 58, 62; this statute is permissive granting the right to such persons as pay "under such protest" to sue within thirty days, and grants such right of action, whether the money is paid under compulsion or whether the tax has become a cloud upon the title or not: *Stout v. Keyes*, 2 Doug. 184; *Granger v. Judge of Wayne Circuit*, 27 Mich. 406. The statute enlarges the common law right, namely, to pay under protest and sue for recovery instead of waiting to be compelled to pay by stress, and is cumulative. This principle has been applied to criminal proceedings: 1 Saunders, 134, N. 4. Where the common law and a statute each provides a remedy, the latter is cumulative unless the statute makes it exclusive: *Candee v. Hayward*, 37 N. Y. 653; *People v. Craycroft*, 2 Cal. 243; Bouviers L. D. 15th Ed. page 584, title, "election in practice," and cases cited. A large number of states have held that a statute granting a new remedy, without by express words or by necessary implication, negativing the old, such new remedy is cumulative: *Crittenden v. Wilson*, 5 Cow. 165; *Wetmore v. Tracy*, 14 Wend. 250; *Skidmore v. Smith*, 13 Johns. 322; *Colden v. Eldred*, 15 Johns. 220; *Farmers Turnpike Co. v. Coventry*, 10 Johns. 389–392; *Wheaton v. Hibbard*, 20 Johns. 290; *Susquehanna & Bath Turnpike Co. v. People*, 15 Wend. 267; *Clark v. Brown*, 18 Wend. 213; *Platt v. Sherry*, 7 Wend. 236; *Stafford v. Ingersol*, 3 Hill, 38; *Tremain v. Richardson*, 68 N. Y. 617; *Behan v. People*, 17 N. Y. 516; *Lane v. Salter*, 51 N. Y. 1; *Jackson v. Bradt*, 2 Caines (N. Y.) 169; *Ryan v. Gallatin Co*, 14 Ill. 78–83; *Dean v. Eldridge*, 29 Howard Pr. 218, 222; *Coxe v. Robbins*, 9 N. J. (Law) 384 and 387; *Bearcamp River Co. v. Woodman*, 2 Me. 404; *Fryeburgh Canal v. Frye*, 5 Me. 38; *Adams v. Richardson*, 43 N. H. 212.

*Hayden & Young*, for defendant:

Sec. 42, page 20, Laws of 1882, gives no new remedy; it is the same old one in a new form, the same suit in assumpsit to recover back taxes paid, claimed to be illegal. The design

was to hedge the existing remedy with certain reasonable restrictions. This Court in the case of *Atwell v. Zeluff*, 26 Mich. 122, recognized the necessity for legislative action to regulate the exercise of this remedy. See also *Louden v. East Saginaw*, 41 Mich. 26–27.

The protest in this case stated no reasons whatever. "Illegality" is a term used to designate a conclusion of law. The protest must state what the plaintiff is bound to show,—the reason why the tax is illegal. The word "unequal" used in the protest, designated no fact for which a tax may be held illegal under the provisions of § 85, page 33, Laws of 1882 : *Youngblood v. Sexton*, 32 Mich. 406, 414. The board of review is the sole tribunal, before which to obtain corrections for inequalities in assessment in the absence of fraud : *Williams v. City of Saginaw*, 51 Mich. 120.

CAMPBELL, C. J. On the twenty-eighth day of December, 1883, plaintiff paid to the town treasurer of Crystal Falls, in Marquette county, $790.69, taxes assessed on lands in that township, and filed a written protest against their validity. Within the statutory period, suit was brought to recover them back, under a declaration which, in addition to a special count, included a general count for money had and received.

On the trial, the court held the protest insufficient, as being too vague, and held, further, that while the form of pleading might perhaps be general or special, yet no recovery could be had unless in accordance with the reasons alleged in the protest, and held the protest insufficient.

The protest was "on the grounds that the lands are unequally and unjustly assessed, and that the township and highway taxes are illegal and unjust."

The ground of inequality of assessment is the only one which can be called a distinct ground of illegality, and it seems to us insufficient, without some more definite indication of the nature of the inequality. It might include anything, from a supposed mistake of judgment of the assessing officer—which no one could review, if honest—to an inequality obvious on the face of the roll. While, in such matters, no technicality of averment is called for, there should be something to point out the true cause of complaint.

Whether recovery can be had, as at common law, without protest, is a different question, which does not come up here as a general question, but as one applicable to the facts in the record. The statute under consideration allows a payment under specific protest to be made at any time, but requires an action to be founded on it, and begun speedily: Tax Law 1882, § 42, page 20. But under the same law, while payments might be made voluntarily at any time in December, to avoid percentage, there was no power in the collector to enforce payment until January, except in the case of personal taxes where there was danger of non-collection. It could not be done for land taxes. The payment in December was not compulsory, but voluntary, and the statute so declares it: Section 31, page 17, Tax Law 1882. Except for section 42, page 20, Tax Law 1882, which allows any payment to be sued for, if made under protest in proper form, no suit could be brought at all for voluntary payments not made under pressure of process existing and capable of levy. The distinction was pointed out in *Louden v. East Saginaw*, 41 Mich. 18.

These payments, therefore, could not be recovered back, without compliance with the statute in making a specific, instead of a general protest.

The court below ruled correctly, and the judgment must be affirmed.

The other Justices concurred,