## NELSON MILLS AND BARNEY MILLS v. THE TOWNSHIP OF RICHLAND.

*Taxes—Legality of action by officers—Evidence—Board of review— Division of township—" Ordinary expenses" of township— Payment of tax under protest.*

1. Every essential proceeding in the course of a tax levy must be taken in conformity to the requirements of law; but the evidence whether or not this has been done is only such as is required to prove similar facts in other cases.

2. Whenever the law requires written evidence of the action taken by officers in tax proceedings, the record becomes the only legal and proper evidence of these facts; but this does not exclude entirely the usual presumptions in favor of the regularity and honesty of official action.

3. A certificate upon the assessment roll signed by the supervisor, and one of the members of the board of review appointed by the town board, and by one not so appointed, sufficiently shows that a legally constituted quorum existed and reviewed the roll.

4. In a suit to recover taxes alleged to have been illegally assessed, the question of the legality of a division of the township by the board of supervisors cannot be inquired into.

5. The "ordinary expenses" of a township can never include less than the necessary expenses incurred in administering the government of the township, under the statutes creating it and relating thereto, in such manner as will best promote the convenience, peace, health, prosperity, and happiness of the people residing therein.

6. A liquidated indebtedness due on the division of a township to the new township, and the special or contingent fund to meet such exigencies as cannot be foreseen, and which may arise at any time in conducting township affairs, requiring the use of money, are included in "ordinary expenses," and are such as the town board may vote to raise on the neglect or refusal of the electors to do so.

7. Expenses incurred in establishing lost section corners, and in building a town-hall, are not included within the "ordinary expenses" of the township, and should be provided for by a vote of the electors, and not of the town board.

8. Under How. Stat. §§ 1326, 1327, the money tax authorized to be raised, for highway purposes, not exceeding 50 cents on the $100 valuation, should be spread according to the assessed valuation of the *preceding* year.

9. Payment of taxes assessed on real estate, made prior to January under a specific protest, as provided by the tax law of 1882, is not a voluntary payment. *Iron Co. v. Crystal Falls*, 60 Mich. 80 (head-note 3).

Error to Ogemaw. (Tuttle, J.) Argued June 15, 1888. Decided October 26, 1888.

*Assumpsit* to recover taxes paid under protest. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Elliott G. Stevenson,* for appellants.

[The points of counsel are stated in the opinion.— REPORTER.]

*Markey & Hall,* for defendant, contended:

1. The payment was voluntary, the treasurer having no power to enforce collection when it was made; citing Act No. 9, Laws of 1882, § 31; *Iron Co. v. Crystal Falls*, 60 Mich. 79.

2. Official action is presumed to be regular; citing *Allen v. Mills*, 26 Mich. 126; *Saunders v. Mfg. Co.*, 27 Id. 523; *Morse v. Hewitt*, 28 Id. 485; *Blair v. Compton*, 33 Id. 414; *Wood v. Thomas*, 38 Id. 686; *Smith v. Rich.*, 37 Id. 549.

3. Supervisors act judicially in assessing property; citing *Wall v. Trumbull*, 16 Mich. 236; *Merrill v. Auditor General*, 24 Id. 172.

4. The grounds of illegality must be specifically set forth in the protest, and the proof be limited to these grounds; citing tax law of 1882, § 42; *Iron Co. v. Crystal Falls*, 60 Mich. 79, 510.

5. The action of the board of supervisors in organizing the new township was political in its nature, and cannot be reviewed by the Court in this action; citing *Attorney General v. Supervisors*, 33 Mich. 290; *Attorney General v. Page*, 38 Id. 286; *Scrafford v. Supervisors*, 41 Id. 647; *Clement v. Everest*, 29 Id. 19.

6. The declaration is not full or specific, and the defendant is

neither in it nor in the protest sufficiently apprised of the grounds of the alleged illegality that will be insisted on; citing *Beaubien v. Cicotte*, 8 Mich. 12.

7. The objection that a declaration fails to state a cause of action is not waived by pleading to the merits and going to trial; citing *Stoflet v. Marker*, 34 Mich. 313; *Jamison v. Haire*, 29 Id. 207.

SHERWOOD, C. J.   The plaintiffs sued the township of Richland, in the county of Ogemaw, to recover back taxes paid by them under protest in the month of December, 1884. The claimed assessment was made under the law of 1882 for the taxes of 1884. The plaintiffs contest the validity of the tax upon two grounds:

1. The plaintiffs claim no valid assessment of their property was made on which to base the levy of taxes for the year 1884, and which are in controversy in this suit.

2. That there was no authority for spreading as part of the township tax the $1,500 voted to be raised that year by the township board at a meeting thereof held on the 27th of August, 1884.

In regard to the first ground the statute provides:

"SEC. 12. It shall be the duty of each supervisor, as soon as possible after entering on the duties of his office, to ascertain the taxable property of his township, and the persons to whom it should be assessed, and their residences.       *       *       *       *       *       *       *       *       *

"SEC. 15. On or before the third Monday of May in each year the supervisor shall make and complete an assessment roll, upon which he shall set down the name of every person liable to be taxed for personal property in his township, and also a full description of all the real property liable to be taxed in such township.   *   *   *

"The supervisor shall estimate, according to his best information and judgment, the true cash value of every parcel of real property, and set the same down opposite such parcel. He shall also estimate the true cash value of all the personal property of each person, and set the same down opposite the name of such person."

Section 17 defines what is meant by the term "true cash value," as used in these sections, to be, in effect,

the usual selling price at the place where the property shall be at the time of the assessment,—the price which could be obtained therefor at private sale, and not at forced or auction sale.

The *first* step, then, in the proceedings necessary to be taken to make a valid assessment upon which to base a valid levy of taxes, is the listing by the supervisor of all the taxable property in his township.

*Second,* To estimate the same at its true cash value,— what could be obtained therefor at private sale, and not at forced or auction sale.

It is claimed by plaintiffs' counsel, in the case under consideration, that there was nothing whatever to indicate the method adopted by the supervisor in making the assessment of the property within his township, or to show whether he followed the rule laid down for his guidance by the law in following the same. It is true, as contended by counsel for the plaintiffs, that every essential proceeding in the course of a levy of taxes must be taken in conformity to the requirements of law; but the evidence whether or not this has been done is only such as is required to prove similar facts in other cases; and wherever, in such case, the law requires written evidence of the action taken by officers in making such assessments and levy, the record becomes the only legal and proper evidence of these facts; but, while the proofs of such action and proceedings taken should be made from the record, this does not exclude entirely the usual presumptions of the regularity of official action, and the honest purposes of officers whose duty it is to take the required action, in the proofs to be made.

It is urged, as an objection to the assessment, that Creaver and Van Allen were appointed to serve as members of the board of review, while the assessment roll appears to have been reviewed by the board composed of

the supervisor and two justices of the peace of the township of Richland; and it is also further objected to the validity of the assessment roll that the property listed by the supervisor for assessment only contained that of town 21—4, and not that of town 21—3, which plaintiffs claimed had not been legally detached; and it is upon the grounds now mentioned that plaintiffs' counsel claims the assessment is invalid.

The record shows that up to January, 1884, the township of Richland was composed of the territory of two governmental towns, and in that month it was divided by the board of supervisors; and the west part thereof, viz., town 21—3, was called the township of Mills, and so set apart and organized by the board of supervisors of Ogemaw county. If this was legally done, then the supervisor of Richland could not carry on to his roll the lands contained in Mills. Whether or not such action of the board of supervisors was legal cannot now be determined in this action. We see no objection to the roll on that ground.

We must presume that the persons appointed to serve as members of the board of review did serve. The record shows the appointment of one, who, with the supervisor and a Mr. Chapel, sign, as the board of review, an indorsement on the assessment roll; saying,—

"Assessment roll for the township of Richland for the year 1884, as approved by the board of review."

The statute expressly provides that the township board may fill any vacancies which occur in the board of review, which consist of three, the supervisor and two others, to be appointed by the township board, and a majority of whom constitute a quorum. We think it sufficiently appears that a legally constituted quorum existed and reviewed the assessment roll, and that the objection of

plaintiffs' counsel to this portion of the proceedings is not well taken.

There remains to be considered the objections of plaintiffs to the township and highway taxes for 1884. It is claimed these were excessive and unauthorized. The protest was sufficiently specific, we think, to enable the plaintiffs to be heard in this action, and allow them to recover if their claim of illegality in the amounts collected and want of authority shall be found sustained.

The township tax for that year consisted of the following items, as voted: To pay outstanding orders issued by the township board and highway commissioners of the township, $891.10; also the further sum for contingent expenses, $800. These sums were voted at the annual meeting in April, 1884; and it was further voted that for highway labor there should be assessed one-half day upon each $100 of valuation; also—

"A money tax of fifty cents upon each $100 of valuation, according to the assessment roll of 1883, for highway purposes."

The record further shows that at a meeting of the township board held on the 27th day of August, 1884, the following preamble and resolution were adopted:

"*Whereas*, it appears to us that at the annual township meeting of Richland held on the 7th day of April, 1884, the electors neglected to vote such sum of money as was necessary to defray the ordinary expenses of said township; now, therefore, at a regular meeting of said township board held therein on the 27th day of August, 1884, the sum of $1,500 is hereby voted by us to be raised by tax upon the taxable property in the said township for the purpose aforesaid; and be it further resolved that the money raised by the above resolution be apportioned and divided as follows:

"Pay the sum raised for the establishment of lost section corners, $250.00; for building town-hall $250.00, this money having been borrowed by the township board for the payment of contingent orders; and for the payment

of the order drawn in favor of the treasurer of the township of Mills in payment, as per settlement with Richland, $557.98; the remainder for special fund, $467.02,—making the total amount voted for township tax, $3,191.10."

This last-named sum was spread upon the roll for 1884, and the amount thereof assessed against the property of the plaintiffs, and of which they paid, under protest, $2,319.96, and which sum is now contested.

Fifteen hundred dollars of this sum was voted by the township board on the 27th of August. The township had the power, and it was its duty, by a vote of the electors, to vote all sums necessary to pay its outstanding legal indebtedness, as well as all sums necessary to defray its ordinary expenses, not exceeding the sums limited by law. If the township shall refuse or neglect to vote, at the township meeting, the necessary sums to defray the ordinary expenses, the township board may at any regular meeting vote the necessary sums for that purpose. See How. Stat. §§ 671, 750.

It will be noticed that the purpose for which the township board may vote to raise money is confined to the ordinary expenses of the township, and can then only do so when the township electors have failed or neglected to take such action. The purposes for which the town board in the present case voted the $1,500 were—

"1. To pay for establishing lost section corners.

"2. To pay for building a town-hall; this money having been borrowed for that purpose.

"3. For the payment of indebtedness of the township of Richland to town of Mills, on division of the township.

"4. The remainder, amounting to $467.02, for a special fund."

What shall be deemed as the ordinary expenses of a township is a question which has never received any very satisfactory answer, and it would be difficult to glean one from what has been said in this Court. I think, however,

it may well be said the answer can never include less than the necessary expenses incurred in administering the government of the township, under the statutes creating it and relating thereto, in such manner as will best promote the convenience, peace, health, prosperity, and happiness of the people residing therein. This would, as has been held by this Court in *Marathon v. Oregon*, 8 Mich. 382, include the payment of the indebtedness to the township of Mills; also the special or contingent fund to meet such exigencies as cannot be forseen, and which may arise at any time in conducting the affairs of a township, requiring the use of money. Both of these are included in ordinary expenses, and are such as the town board may vote in the contingency provided by statute, and which the record shows *prima facie* existed in this case.

But I do not think that expenses incurred in establishing lost section corners belong to that class of expenses; and when authorized it should be by a vote of the electors of the township, as is required in cases of other than ordinary expenses. Indeed, the statute requires this to be done. It says (see How. Stat. § 509):

"The boards of supervisors of the several counties are hereby authorized to establish and perpetuate any government section corners or quarter-posts in their respective counties which they may have good reason to believe are lost, or are in danger of being lost, by the employment of a surveyor therefor: * * * * * * * *
"*Provided*, That such work shall be done only in such townships where a majority of the voters voting shall vote to raise such sum as is required, not exceeding $250 from any one township."

This section authorizes the board of supervisors to establish and perpetuate section corners or quarter-posts in their counties which they have good reason to believe are lost, by the employment of a surveyor therefor. It does not contemplate that the township board, upon its

own responsibility, may undertake to raise money, and expend the same for the purposes stated, as was attempted to be done here.

Neither do the ordinary expenses of a township include those incurred in building a town-hall, for the public gathering of the citizens, whether in whole or in part for the use of the town.

Section 672, How. Stat., governs the proceedings to be had looking to the levy of a tax for the purpose of defraying the expenses of erecting a town-hall, and prohibits the raising of a tax for such purpose, except when the qualified electors of the township vote to raise the same at a legal meeting, after a notice of the intention to move for such vote and appropriation, signed by at least twelve freeholders, and posted in five of the most public places in the township at least ten days before the time of such meeting, and providing the vote at such meeting upon such question shall be by ballot.  There is no evidence or finding in the case that in either of the last two cases any of the legal steps were taken which were precedent to the levy of the tax or assessment of the same, and the tax against the plaintiffs' lands for those purposes cannot be sustained.

The highway tax of 50 cents on $100, voted at the spring election, was spread upon the valuation of plaintiffs' land according to the assessed value in 1884.  The plaintiffs insist it should have been spread according to the assessed value in 1883, and that such illegal assessment compelled them to pay $109 more than they ought to have paid.  This excess is substantially conceded by the defendant's counsel if plaintiffs' views of the statute are sustained.  I think from the reading of sections 1326 and 1327 of Howell's Statutes the plaintiffs' construction is the correct one, and the assessment in this regard was excessive, as claimed.

The circuit judge held under his findings and the circumstances of the case, the payment made to the treasurer of the taxes against the plaintiffs was voluntary, and therefore he could not recover. In this the court was in error. Laws of 1882, § 42, p. 20; *Peninsular Iron, etc., Co. v. Township of Crystal Falls,* 60 Mich. 79, 510 (26 N. W. Rep. 840, and 27 Id. 666); *White v. Millbrook,* Id. 532 (27 N. W. Rep. 674).

It nowhere appears that the electors, who were the persons to decide by their votes upon the tax to build the town-hall, and to restore lost section corners, ever voted to impose any such tax for such purposes.

If the plaintiffs are entitled to recover at all, it is because the township has money in its treasury, and under its control, which belongs to them; and the objection of defendant's counsel to the declaration, that it is not sufficiently specific, is not well taken. It states the money was paid to the town under protest, which the township received, and to which it was never entitled.

The judgment, for the reasons above stated, must be reversed, with costs, and a new trial granted.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit.