THE NEWAYGO COUNTY MANUFACTURING COMPANY v. ANDREW ECHTINAW.

*Taxes—Township board—Record—Bridge bonds—Ejectment—Claim for improvements.*

1. Where the record of a meeting of the township board shows that two justices of the peace were present and acting, the presumption is that they were entitled to sit as members, and the record need not show that they were the two justices whose terms of office would soonest expire.

2. Township bonds, if legally issued, are fixed charges against the township, and the record of the meeting of the township board at which money is voted to be raised to pay such bonds need not show the neglect or refusal of the electors to vote money for that purpose.

3. The amount of money which the board of supervisors can authorize a township to raise by tax or loan in any one year to build or repair roads or bridges under How. Stat. § 483, subd. 15, is limited to $1,000.

4. There is no presumption that the electors neglected or refused to vote a sufficient sum to defray the ordinary township expenses at the annual township meeting, and where the township board assumes to vote money for that purpose, such neglect or refusal must be affirmatively shown by its record (*Harding v. Bader*, 75 Mich. 316 head-note 2); and the same rule applies to the voting of a money tax for highway purposes, under How. Stat. § 1328.

5. Evidence of the value of improvements made by a defendant in ejectment is properly excluded where he fails to file a claim for compensation therefor under How. Stat. § 7837.[1]

So *held*, where defendant had been in possession under tax deeds for less than ten years, which deeds were held invalid in an action of ejectment brought by the owner of the original title, no claim for compensation for improvements being filed.

Error to Newaygo. (Palmer, J.)    Argued May 8, 1890. Decided June 13, 1890.

Ejectment. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Arthur R. Rood,* for appellant.

*E. L. Gray,* for plaintiff.

[The points of counsel are fully stated in the opinion. —REPORTER.]

LONG, J.  Plaintiff recovered in the court below in an action of ejectment.

It is admitted that the defendant was in possession, claiming title at the time of commencement of suit. Plaintiff traced its title from the government of the United States through several mesne conveyances. Defendant claims under tax deeds for the years 1876, 1877, 1878, and 1879.  On the argument here it is admitted that the tax deeds for the years 1878 and 1879 are invalid.  The defendant's title, therefore, is made to rest upon the validity of the tax deeds for the years 1876 and 1877.

Defendant pleaded the general issue, with notice of statute limitations.  The case was tried before the court without a jury, and judgment entered for plaintiff.  No findings of fact or law were made by the court.

---

[1] Amended by Act No. 150, Laws of 1885.

81 MICH.—27.

On the trial defendant offered evidence of the value of improvements made by him on the premises, but the testimony was excluded by the court on the ground that no claim in writing had been filed as required by How. Stat. § 7837. No claim is made upon the argument in this Court that the defendant had been in possession of the premises under claim of title for ten years prior to the commencement of suit. Only two questions are raised:

1. That the tax deeds for the years 1876 and 1877 are valid, and that the court was in error in excluding them.

2. That the court was in error in ruling out the testimony offered to show the value of improvements upon the premises.

The defendant put in evidence the tax deeds for the years 1876 and 1877, and showed his possession thereunder from December, 1881. The plaintiff, in rebuttal, introduced in evidence the record and proceedings of the township board of Brooks, the town in which the premises are situate, for the years 1876 and 1877. For the year 1876 it appears that at a special meeting of the board, held October 7, 1876, a resolution was passed reciting:

"Whereas, at the annual township meeting held in the township of Brooks on the first Monday of April, A. D. 1876, the electors failed to vote or act upon the matter of providing for the payment of bonds of said township outstanding, or for contingent expenses proper of said township for the year 1876:

"Therefore resolved, by the township board of said township of Brooks here assembled, that there be levied and assessed upon the taxable property of the said township of Brooks for the year 1876 the sum of sixteen hundred dollars, for the following purposes, to wit:

"Five hundred dollars to pay annual interest on bridge bonds outstanding.

"One thousand dollars to pay bridge bond No. 4.

"One hundred dollars for the contingent fund proper of said township."

The record of this resolution was signed by the supervisor, township clerk, and two justices of the peace. It is claimed by plaintiff's counsel that this record is invalid in that it does not affirmatively show that it was necessary that so large a sum should be voted, or that it was necessary to raise any sum; that it does not show that the two oldest justices were duly notified to appear at the special meeting, or that the two justices who signed the record were the two oldest justices of said township; and that the record fails to show that the sums raised were for the ordinary expenses of the township.

The board consists of the supervisor, the two justices of the peace whose offices will soonest expire, and the township clerk, any three of whom shall constitute a quorum for the transaction of business. How. Stat. § 744. It appears that there were present at this special meeting the supervisor, two justices, and the clerk. There is no warrant for saying that the board was not legally organized because the record fails to state that these were the two justices whose terms of office would soonest expire. It is not necessary that the record should show affirmatively that the two justices present were the two whose terms of office would soonest expire. They appeared and acted, and the presumption is that they were entitled to sit as members of the township board.

It is provided by How. Stat. § 750:

"That whenever the qualified electors of any township, at the annual township meeting, shall neglect or refuse to vote such sum or sums of money as may be necessary to defray the ordinary township expenses, the township board of any such township is hereby authorized, at any regular meeting, to vote such sum or sums as may be necessary for that purpose, not exceeding such amounts as are or may be limited by law."

This section was enacted in 1849, and has been carried in the statutes since that time. It is recited in the

resolution, and thus made to appear affirmatively, that the annual township meeting failed to vote or act upon the matter of providing for the payment of bonds outstanding, or contingent expenses for the year. There is no question but that the township board had the authority under section 750 to vote the $100, under such circumstances, for contingent expenses, but it is insisted that the vote to raise the moneys for the payment of this bridge bond of $1,000, and the $500 for the payment of interest on bridge bonds outstanding, was illegal, and not authorized by the provisions of that section, as it was no part of the ordinary township expenses.

Under How. Stat. § 483, subd. 15, the board of supervisors have power to authorize any township, by the vote of the electors of such township, to borrow or raise by tax upon such township any sum of money, not exceeding $1,000 in any one year, to build or repair any roads or bridges in the township, and to prescribe the time for the payment of such loan, which shall be within 10 years, and to provide for the assessing of the principal and interest upon such township. The resolution of the township board affirmatively shows the bonds outstanding,— that they are bridge bonds; and the only question is, did the amount come within the limit of the power of the township to issue by vote of its electors under an authorization of the board of supervisors? If the amount comes within this limit, the presumption is that they were properly and legally issued, and that the board proceeded legally in voting to raise the money to meet the bond and the interest on bonds outstanding. The bonds, if properly authorized, were fixed charges against the township, certain in amount, and a liquidated claim. It would not, therefore, require the vote of the electors on the question of raising the money to meet them.

But no such construction can be given to this statute

as claimed by counsel for defendant. The words of the statute, "not exceeding one thousand dollars in any township in any one year," do not empower the board of supervisors to authorize the township to borrow any amount of money beyond $1,000 in any one year. Under the construction contended for by defendant's counsel the board of supervisors might authorize the township, by vote of its electors, to borrow the sum of $10,000 at one time, to be paid $1,000 each year for the period of ten years, with interest thereon. Thus the very mischief which this statute was intended to remedy would be permitted, and the township might borrow in one year the full sum of $10,000, expend it in the building of roads and bridges in one year, and for the following nine years be without the power to raise a single dollar, however much it might be needed, for such purposes. Instead of the statute permitting this it provides that the township may from year to year apply to the board of supervisors for authority to raise, by vote of the electors, a tax for that year of $1,000, or to loan $1,000, payable within a period of ten years, with interest. It is shown affirmatively by the resolution of the township board that the amount to be placed in the tax of 1876 was beyond the power of the township to raise, even under an authorization of the board of supervisors. *Niles Water-works v. City of Niles*, 59 Mich. 311. For this reason the tax deed of 1876 was properly held void by the court below.

Very similar objections were made to the deed of 1877, which we need not notice further. A further objection was also made to this deed. It appears that at a special meeting of the township board held October 6, 1877, the following resolution was passed:

"Whereas, the sum of fourteen hundred dollars ($1,400) will be due and payable on bonds of said township outstanding March 1, 1878, as follows: Bond No. 5,

to be paid in full, and interest on bonds Nos. 5, 6, 7, and 8, one hundred dollars each:

"Therefore resolved that the sum of three hundred dollars for contingent expenses proper, and two hundred dollars for highway purposes, and fourteen hundred dollars for payment of bond No. 5 and interest on bonds Nos. 5, 6, 7, and 8, making in all the sum of nineteen hundred dollars, be levied and assessed upon the taxable property of the township of Brooks for the year A. D. 1877."

There is nothing to show that the township meeting neglected or refused to vote the money necessary to defray the ordinary township expenses. There is no presumption that the voters at the annual township meeting did not vote a sufficient sum to defray the township expenses, and the board were only authorized to vote such sums when the meeting failed to vote it. This must be shown affirmatively by the resolution. *Harding v. Bader*, 75 Mich. 316.

It is also fatal to this deed that the sum of $200 was raised for highway purposes without any showing of necessity therefor. It appears that in the assessment roll of 1877 this was carried into a column as special highway tax, and upon the parcel of land in controversy the tax was nine cents. The township board would be authorized to vote this amount for highway purposes only when the annual township meeting neglected or refused to vote the sums necessary. How. Stat. § 1328. The trial court properly held this deed invalid.

Upon the second error assigned it must be held that the court properly ruled that the defendant could only make claim for improvements in this action by filing his claim therefor under the provisions of How. Stat. § 7837. No such claim was filed, and the evidence was properly excluded.

. The judgment must be affirmed, with costs. The

record will be remanded to the court below for such further proceedings as the defendant may desire to take under the statute.

The other Justices concurred.