AUDITOR GENERAL *v.* DULUTH, SOUTH SHORE & ATLAN-
TIC RAILWAY CO.

1. TAXES—HIGHWAY AND SCHOOL—TOWNSHIP MEETING — SUBMIS-
SION TO ELECTORS.

   Unless propositions to raise money for highway and school
   purposes were submitted to the electors at their annual
   township meeting, they cannot be said to have neglected or
   refused to vote the same, within 3 How. Stat. § 1328, provid-
   ing that, in case the electors present at any annual township
   meeting shall neglect or refuse to vote any highway taxes,
   the township board may order the same to be levied, and
   Act No. 176, Pub. Acts 1891, § 9, conferring like authority
   upon the board of education, under such circumstances, with
   reference to school taxes.

2. SAME—STATUTORY PROVISION—IMPOSSIBILITY OF COMPLIANCE.

   The fact that a township is divided into election districts,
   and that one of the polling places is nine miles distant from
   the one at which, under 1 How. Stat. § 131, the township
   meeting is to be held, does not render it legally impossible
   for the electors to attend such meeting.

3. SAME—GENERAL LEVY—EXEMPTIONS—INVALIDITY.

   Where the township board, in levying highway taxes upon
   the property of the township, exempts the property in a par-
   ticular village in the township, the levy is void.

4. SAME—TAX LAW—CURATIVE PROVISION—JURISDICTIONAL DE-
FECTS.

   The curative provision of the tax law of 1893 (Act No. 206,
   § 99) does not relieve against defects which go to the juris-
   diction of the body authorizing the levy. So *held*, where a
   board of education and a township board assumed to deter-
   mine the amounts to be raised for school and highway taxes,
   without the questions' having been submitted to the electors
   at the annual meeting, and their having neglected or refused
   to act.

Appeal from Baraga; Hubbell, J.    Submitted October
8, 1897.    Decided March 15, 1898.

Petition by Stanley W. Turner, auditor general, for the sale of lands delinquent for the taxes of 1894. From a decree setting aside certain taxes upon objections filed by the Duluth, South Shore & Atlantic Railway Company and others, petitioner appeals. Affirmed.

*William K. Haviland,* Prosecuting Attorney (*Philip R. McKernan,* of counsel), for petitioner.

*M. J. Sherwood,* for defendants.

LONG, J. The petition of the auditor general came on for hearing at the October term, 1896, in the Baraga circuit court, in chancery, for the sale of lands delinquent for the taxes of the year 1894. The respondents had paid all the taxes in the township of L'Anse, except the highway and school taxes, and, as to them, they contended that they were void. The court below held them void. The auditor general appeals.

As to the highway taxes, it is contended that they were not authorized by the electors of the township, the question of raising such taxes not having been submitted to them. It appears that the question was not submitted to the electors. The records of the township show that, at a meeting of the township board, the following preamble and resolution were passed:

"*Whereas,* the electors present at the annual township meeting of the township of L'Anse, held therein on the first Monday of April, 1894, neglected to vote a money tax upon the property of said township for highway purposes: *Resolved,* that a tax of fifty cents upon each and every one hundred dollars of the assessed valuation of the township of L'Anse for the year 1894, except that on the property in the village of L'Anse, be, and the same is hereby, levied on the value of such property."

This resolution was unanimously carried.

Section 1328, 3 How. Stat., provides:

"In case the electors present at any annual township meeting shall neglect or refuse to vote any rate of highway labor to be assessed, as by the first subdivision of the last

preceding section provided, the commissioner, in making his assessment, may assess not exceeding one-half day's labor upon each one hundred dollars of valuation; and in case such electors shall neglect or refuse to vote a money tax, as by the second subdivision of the preceding section provided, the township board may order to be levied such sum, within the limit herein above provided, as such board may deem necessary for the improvement of roads and bridges."

It has been held, under this statute, that the power of the board to raise money for these purposes depends upon the neglect or refusal of the voters to do so, and, unless the proposition to raise said moneys has been submitted to the electors, they cannot be said to have neglected or refused to vote the same. *Tillotson* v. *Webber*, 96 Mich. 154, and cases there cited.

But this highway tax is void for another reason. The order made by the township board was that the highway tax should be spread upon all the property of the township, except that in the village of L'Anse. The township board had no power to exempt that property from the tax, even if the board had the power to raise it. 3 How. Stat. chap. 29; *Ryerson* v. *Township, of Laketon*, 52 Mich. 509. For this reason alone the court below very properly held the highway tax void.

The school district comprises the whole of the township of L'Anse, and was organized under Act No. 176, Pub. Acts 1891. Section 9 of that act provides that the qualified electors at any annual township meeting shall determine the amount of money to be raised by tax for all school purposes for the ensuing year; but it is provided that, "in case the electors at any annual township meeting shall neglect or refuse to determine the amount to be raised as aforesaid, then the board of education shall determine the same at any regular meeting thereof," etc. It will be seen that the wording of this statute is identical with the general law for raising highway money taxes. 3 How. Stat. § 1328. It appears that this question was not submitted to the electors at the annual township meeting, but the board of education passed a resolution to

raise the sum of $7,000 by taxation. The same rule must be applied as in matters of highway taxes, and the case of *Tillotson* v. *Webber, supra,* and the cases there cited, are decisive of it.

The claim made by petitioner that this is cured by the provisions of section 99, Act No. 206, Pub. Acts 1893, cannot be sustained; and the case is not ruled by *Auditor General* v. *Hutchinson,* 113 Mich. 245. In the present case the question is one of power in the board to act. There can be no taxes raised without express authority of law, and the mode pointed out by the statute must be followed. The board of education has no authority to act in raising money until the question has first been submitted to the electors, and they refuse or neglect to raise the tax. Then the board of education may act. It is a question going to the jurisdiction of the board. The board, under the facts here shown, acted without authority.

It is contended, further, that the township of L'Anse being divided into two election districts, and the places of holding the elections being some nine miles apart, it would be impossible for the electors to pass upon this question. We do not see any such difficulty in the case. Section 131, 1 How. Stat., provides that—

"The electors of each election district shall meet at one o'clock in the afternoon at the polling place of district numbered one, unless some other place of meeting be designated by the board of inspectors of district numbered one, which place shall be announced by the clerk of the board of each district to the electors present, and there transact such business as is usually transacted at township meetings, by *viva voce* vote."

We think the court below was not in error in holding these taxes void. The decree must be affirmed, with costs in favor of defendants, for the payment of which the auditor general will draw his warrant upon the state treasurer.

The other Justices concurred.