WESTON LUMBER CO. *v.* TOWNSHIP OF MUNISING.

CHICAGO LUMBERING CO. *v.* SAME.[1]

1. APPEAL—FINDINGS OF COURT—EXCEPTIONS.

Where the record on appeal shows that merely a general exception was taken to the court's findings of fact and law, and appellant's brief states that it is based upon the findings of law, it will be assumed that the only question raised is whether the findings of fact support the conclusions of law.

2. TAXATION—AUTHORITY OF TOWNSHIP BOARD AND BOARD OF EDUCATION.

The neglect or refusal of the electors of a township to vote the amounts necessary to be raised for township and school purposes is sufficiently shown, within the statutes authorizing the township board and the board of education, respectively, to vote the same in such case, by a recital in the resolutions of the several boards voting such taxes, that the attention of the electors present at the annual meeting was called to the matter of voting upon such questions, and that they failed, neglected, and refused to vote such sums as were necessary.

3. SAME—SUPPORT OF POOR.

The support of the poor is an "ordinary expense" of a township, within 1 Comp. Laws 1897, § 2349, authorizing the township board to vote a tax to defray the ordinary expenses of the township, in case of the neglect or refusal of the electors to vote the same.

4. SAME—BOARDS OF SUPERVISORS—COUNTY TAXES.

The fact that the board of supervisors voted county taxes in a gross sum, instead of setting forth the items, will not invalidate the levy, where the limitations prescribed by law are not shown to have been exceeded.

Error to Alger; Steere, J.    Submitted January 10, 1900. Decided February 20, 1900.

*Assumpsit* to recover taxes paid under protest.    From judgments for plaintiffs for less than the amounts claimed, they bring error.    Affirmed.

[1] Rehearing denied April 3, 1900.

*C. W. Dunton* (*E. C. Chapin*, of counsel), for appellants.

*H. B. Freeman*, for appellee.

Long, J. These two cases are heard as one case. The actions were brought by plaintiffs to recover certain taxes paid by them under protest to the township treasurer of Munising. The taxes sought to be recovered are township poor tax, township highway tax, township contingent tax, township bond tax, school tax, and county tax, all assessed for the year 1898. The payment of these taxes was made to the township treasurer on February 13, 1899, and the suits were brought within 30 days thereafter. The court below held the township bond tax, and one item of the school tax, amounting to $575, for fuel, void, and rendered judgments for plaintiffs accordingly. Plaintiffs bring error. The case was heard before the court without a jury, and findings of fact and law made.

It is claimed by counsel for plaintiffs that exceptions were taken to the findings of fact and law. These exceptions appear, in the original record filed with the clerk of this court, as follows:

"In this cause written findings of fact and law having been filed by the court in vacation, and judgment entered in accordance with such findings, now comes the plaintiff, by C. W. Dunton, its attorney, and excepts to the said conclusions of law holding said county, school, contingent, highway, and poor taxes, and each of them, to be valid, and to the rendition of judgment in accordance with such conclusions.

"Dated June 12, 1899."

The findings were filed June 5, 1899.

The following statement also appears at the close of the bill of exceptions, which was settled and signed on September 5, 1899:

"Afterwards, and during the vacation, the court filed a written finding of fact and law, and held the amount of the highway bond tax, and the item of the school tax of $575 for fuel, to be illegal and void, and rendered judg-

ment in favor of each of the plaintiffs for its proportion of said illegal taxes so paid, which said judgment was afterwards entered by the clerk in accordance with said finding; to which said finding of fact and law and entry of judgment the plaintiff in each case duly excepted."

It is stated in plaintiffs' brief now filed here that "the brief of appellants was based on the findings of law made by the circuit judge." We therefore conclude that no question is raised but that of whether the findings of fact support the conclusions of law. If this were not conceded, counsel should have taken more specific exceptions to the findings of fact.

The court found as follows:

"Payment of the taxes in this case was involuntary, under protest, and under legal duress.

"It is urged that the township contingent, school, and highway taxes are illegal, for the reason that they were voted by the township board and board of education, respectively, and not by the electors at the annual township meeting; that the records of the annual township meeting fail to disclose that those questions were submitted to the electors at such meeting, and they neglected or refused to vote upon the same. We find that the resolutions of the respective boards voting these taxes recite that the attention of the electors present at the annual meeting was called to the matter of voting upon those questions, and that they failed, neglected, and refused to vote such sums as were necessary. The *memoranda* on the poll-books in evidence, as also the oral testimony given, tend, so far as they go, to confirm the truth of the recital in those resolutions. We have before us an unimpeached official record of those facts. While it has been held that it cannot be presumed such action was taken when the records of the township meeting failed to show it, it has never been held that the failure of such record to show it was fatal to the tax in a case where there was an unimpeached township record to substantiate the action of the respective boards in voting such taxes. In *Newaygo County Manfg. Co.* v. *Echtinaw*, 81 Mich. 420 (45 N. W. 1010), the resolution of the township board, reciting that the annual township meeting failed to vote or act upon the matter of providing for contingent expenses for the year, was held to affirmatively show that

fact, and to warrant the township board in acting. By the same rule of evidence, it appears affirmatively in the case at bar that the matter of voting upon the various taxes in question was called to the attention of the electors present at the annual meeting. The matter does not rest in parol, and the record of those facts is one which has been recognized by our courts as affirmative evidence of what occurred at the annual meeting. The township board had authority to vote the township contingent and highway tax, and the board of education had authority to vote the school tax, except the amount of $575, included for fuel in the certificate of the township clerk, but apparently not authorized by the resolution of the said board of education.

"The tax of $1,700, voted by the township board to pay bonded indebtedness and interest thereon, cannot be sustained. The testimony, as disclosed by the records, shows a township bonded indebtedness of $2,000, and no more,—$1,000 due in five years, authorized by the board of supervisors in 1887, and $1,000 due in five years, authorized by the board of supervisors in 1890. The total of these bonds and interest, if paid when due, would be $2,800. There has been raised by taxation the sum of $5,394 to pay these bonds. Even a large delinquent list can be allowed without deficiency. We are not to presume that the money raised to pay these bonds had been embezzled or misappropriated. In the absence of proof to the contrary, we must assume that that money has been appropriated for the uses for which it was raised, and that the bonds are paid, or that it is now on hand.

"It is contended that there is no authority in the township board to vote a tax for the support of the poor, even though the electors had failed to make provision for the same at the annual meeting. Support of the poor by townships prevails in Alger county, and is an annual, necessary, and ordinary expense in every one of its townships. It is an expense incurred under the law in administering the government of the townships,—an expense tending to best promote the peace, health, and happiness of the people residing therein. We believe it is an ordinary expense, under the ruling found in *Mills* v. *Township of Richland*, 72 Mich. 107 (40 N. W. 183). The poor tax is sustained. [See, also, 1 Comp. Laws 1897, § 2349, and note.]

"The record of the board of supervisors shows that, at their annual meeting for the year 1898, the county taxes

were voted in a gross sum. While it might be more satisfactory were the items of their estimate set forth in the resolution, and a budget made up, we know of no law requiring a record of the same. The board have authority, under 1 How. Stat. § 483, to direct and provide for the raising of any money which may be necessary to defray the current expenses and charges of their county, subject to the limitations prescribed in the act. They have, according to the record, ascertained and provided for such sum as they deemed necessary, and it is not shown to be unreasonable or in violation of the limitations prescribed by the act. Their determination is made a matter of record, and does not rest in parol. The county tax is sustained.

"Let a judgment be entered in favor of the plaintiff for its proportion of the bonded indebtedness tax of $1,700, and its proportion of the $575 school tax held to have been levied in excess of any provision made by the board of education."

The facts found support these conclusions, and the judgments below must be affirmed.

The other Justices concurred.