THAYER LUMBER CO. *v.* TOWNSHIP OF SPRINGFIELD.

1. HIGHWAY TAXES—AUTHORITY OF COMMISSIONER—NEGLECT OF ELECTORS.

   The authority of a highway commissioner to levy a labor tax under 2 Comp. Laws, § 4075, is dependent on the neglect or refusal of the electors to vote the same at the annual township meeting; which condition cannot be said to exist where the matter was not submitted to the electors, and they took no action in relation thereto.

2. SAME—NECESSITY FOR LEVY—FINDING OF COURT.

   It cannot be said that there was no evidence to support the finding of the trial judge that there was a necessity of raising money for highway purposes, where it appears that there were 30 miles of highways in the district, a number of high embankments, difficult to keep in place, and eight bridges, one of which had to be replaced, and the highway commissioner testified that, in his judgment, it was necessary to raise the fund, although it also appears that there was a very considerable highway fund in the treasury.

Error to Kalkaska; Chittenden, J. Submitted April 23, 1902. (Docket No. 131.) Decided June 3, 1902.

*Assumpsit* by the Thayer Lumber Company against the township of Springfield to recover taxes paid under protest. From a judgment for defendant, plaintiff brings error. Reversed.

*F. O. Gaffney*, for appellant.

*William D. Totten* and *J. L. Boyd*, for appellee.

MOORE, J. This is an action in *assumpsit*, brought to recover the sum of $331.96, highway labor tax, and $39.61, special highway tax, assessed upon plaintiff's land, situated in highway district No. 4 of defendant township. The case was tried without a jury, and a judgment of no cause of action was rendered.

Upon the 25th day of May, 1899, the highway commissioner took action to have a highway labor tax of one-half per cent. assessed upon the taxable property of the township, which was done. The township board also caused to be assessed a money tax. The amount assessed against the land was labor tax, $331.96, money tax, $39.61, which was paid under protest. The plaintiff bases its right to recover on two grounds: *First*, inasmuch as the question of how much highway tax should be assessed was not submitted to the electors of said township at the annual meeting for the year 1899, and no action was taken by them, the commissioner had no authority to assess the money tax; and, *second*, because there was enough money on hand, available for use in building new highways and making all improvements necessary and contemplated by the authorities of said township for the year 1899.

Section 4073, 2 Comp. Laws, provides that the commissioner in each township shall render to the board, at the annual meeting thereof in each year, an account stating, among other things, the condition of the roads and bridges, an estimate of the amount of highway labor which, in his judgment, should be assessed for the next ensuing year, the improvements necessary to be made in the highways and bridges during the year, and the amount of money tax that should be levied for that purpose beyond what such estimated highway labor will accomplish. Section 4074 provides that such statement shall be submitted to the electors at the next annual township meeting, and such meeting may determine, by a majority of the electors present and voting: (1) The amount of highway labor to be assessed; (2) the amount of money tax to be assessed,—within the limitations provided in section 4073. Section 4075 provides, in case the electors shall neglect or refuse to vote any rate of labor tax, the commissioner may assess not exceeding one-half of 1 per cent., and the board may order to be levied such money tax as such board may deem necessary within the limit provided, if the electors refuse or neglect to do so.

In this case the commissioner submitted no report or estimate to the annual township meeting, and no opportunity was given the township electors to determine how much highway tax they desired assessed for the year 1899. Upon the 25th day of May the commissioner assessed a labor tax of one-half of 1 per cent., basing his action upon the neglect of the electors to do so at the annual meeting, and the township board also voted a money tax.

Upon the trial the counsel for plaintiff stated to the court:

" I want to say now that I believe I was mistaken as far as the special highway tax is concerned. I believe the proper proceedings were taken at the annual township meeting in voting that $200 of which this $39 that we paid is a part. As a matter of law, I believe that the electors had a right to vote that tax, provided that, as a matter of fact, it was necessary to perform the labor in that township. If the court finds as a matter of fact that it was necessary to make the improvements and repairs in building the highways contemplated for the ensuing year, then, of course, the electors had a right to vote this special highway tax."

The trial judge, in order to reach the judgment he gave, must have found it was necessary to raise this fund. It is now urged there is no testimony upon which to base this finding, and, as to the $39.61, the plaintiff should have been allowed to recover. It is true there was a very considerable highway fund already in the treasury when this sum was voted, but the record discloses there were upwards of 30 miles of highways in the road district; that there were a number of high embankments, difficult to keep in place; that there were eight bridges, one of which had to be replaced. The highway commissioner testified that, in his judgment, it was necessary to raise this fund. In view of this situation, we do not think it can be said there was no testimony upon which to base the conclusion of the circuit judge.

Was the remaining portion of the tax valid? We have already seen the commissioner of highways did not sub-

mit an account in writing, as required by section 4073. The record does not disclose that any action was taken by the electors at the annual township meeting, or that their attention was called to this matter, as provided in section 4074. These two sections and section 4075 and sections containing like provisions have been construed by this court in *Harding* v. *Bader*, 75 Mich. 316 (42 N. W. 942); *Newaygo County Manfg. Co.* v. *Echtinaw*, 81 Mich. 416 (45 N. W. 1010); *Auditor General* v. *Railway Co.*, 116 Mich. 122 (74 N. W. 505); *Weston Lumber Co.* v. *Township of Munising*, 123 Mich. 138 (82 N. W. 267),—where it is held the question of raising the tax must be submitted to the electors at the township meeting, and they must have neglected and refused to act, before the commissioner is authorized to act.

Judgment is reversed, and new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.