## PERRIZO v. TOWNSHIP OF STEPHENSON.

HIGHWAYS AND STREETS—HIGHWAY TAXES—LABOR AND MONEY TAX—ROAD DISTRICTS—INCORPORATED VILLAGES.

Since the amendment of 1887 (Act No. 156) of the highway law (subchap. 2, chap. 101, 2 Comp. Laws) the labor tax cannot be assessed upon property situated in incorporated villages and therefore not in any road district, but the money tax assessed to supply any insufficiency in the amount raised by labor tax must be assessed upon all the property of the township, including the villages therein, in like manner as was done before the amendment referred to was passed.

Case made from Menominee;   Stone, J.   Submitted June 22, 1905.   (Docket No. 51.)   Decided July 25, 1905.

Assumpsit by Pollet Perrizo, Edward Perrizo, and Paul

Perrizo, Jr., copartners as Perrizo & Sons, against the township of Stephenson for taxes paid under protest. There was judgment for defendant, and plaintiffs assign error. Affirmed.

*F. J. Trudell*, for appellants.

*N. C. Spencer* (*R. C. Flannigan*, of counsel), for appellee.

McALVAY, J. Plaintiffs brought suit to recover certain highway taxes paid under protest. The case was tried before the court without a jury, and judgment rendered in favor of defendant.

The facts in the case were stipulated as follows:

"1. That the highway taxes of the defendant township are not assessed on a money basis, as provided in subchapter 4 of chapter 101 of the Compiled Laws of 1897, but are assessed on a labor basis, as provided in subchapter 2 of said chapter 101.

"2. That the electors of said township, at the annual meeting of said township in the year 1904, neglected to vote a money tax, as provided by the second subdivision of section 4074 of said Compiled Laws, and that the township board of said township, at a meeting thereof held on the 26th day of September, 1904, ordered to be levied a sum, within the limit provided in said second subdivision, for the improvement of the roads of said township; and the township clerk of said township certified such action of the township board to the board of supervisors of the county of Menominee, and said board of supervisors, at their annual session in October, 1904, directed such sum to be spread upon the assessment roll of said township.

"3. That the supervisor of said township, in said year of 1904, assessed the sum so ordered to be levied by said township board upon all the estate, real and personal, of every inhabitant of said township, including every inhabitant within the incorporated villages of Stephenson and Daggett, and upon each tract or parcel of land therein belonging to nonresident owners; and that in making said assessment said supervisor did not apportion said sum, so ordered to be levied, among the different road districts of said township, but assessed the same against all the prop-

erty within said township and villages, without reference to said road districts.

"4. That the commissioner of highways of said township, prior to the year 1904, divided said township into 10 road districts.

"5. That the villages of Stephenson and Daggett are incorporated under the general law for the incorporation of villages, being Act No. 3, Pub. Acts 1895, and are located within the limits of said township.

"6. That the property of the plaintiffs, at the time of the levying and assessment of said highway tax for the year 1904, was located within the corporate limits of said village of Daggett.

"7. That of said highway tax the sum of $89.15 was assessed against the real and personal property of the plaintiffs.

"8. That on the 6th day of January, 1905, the plaintiffs paid highway tax to the township treasurer of said township under protest, said protest being in writing and signed by the plaintiffs, and the grounds specified therein were based upon the facts as herein stipulated; and the treasurer, at the time of the making of such payment by the plaintiffs, made a minute of the fact of such protest on the tax roll of said township, and in the receipt given by him to said plaintiffs.

"9  That within 30 days after making such payment under protest, to wit, on the 9th day of January, 1905, the plaintiffs sued said township for the amount so paid by them."

Upon the payment of said highway tax, plaintiffs protested in writing upon the following grounds:

"1. Because such tax is levied against all of the property of said township indiscriminately, instead of being levied against the property of each road district of said township.

"2. Because the law provides that in levying such tax the same shall be levied against the property of each road district, and that incorporated villages shall be excluded in making the assessment and levying of such tax."

The only evidence introduced in the case was the foregoing stipulation of facts and written protest.  These constitute the findings of fact by the court in the case, from which findings of fact the conclusion of law of the court was that the plaintiff was not entitled to recover, and a

judgment of no cause of action was rendered. The only question in the case is whether the court erred in construing the statute under which the highway tax in question was assessed and levied.

The highway taxes of defendant township were assessed on a labor basis, as provided in subchapter 2 of chapter 101 of the Compiled Laws of 1897. Section 1 of said subchapter 2 (section 4072, 2 Comp. Laws) reads as follows:

" The highways in this State shall be opened, improved, and maintained by the labor of the inhabitants residing in and by assessments upon the property situated within the several townships, and for the more convenient expenditure of such labor and for making such assessments the commissioner of highways in each township shall divide his township, *excluding incorporated villages*, into so many road districts as he may judge convenient, and may vacate, alter, divide or consolidate such districts, his action in all such cases to be entered of record in the township clerk's office, but no such division shall be made within five days next preceding the annual township meeting."

Section 2 (section 4073, 2 Comp. Laws) requires the commissioner of highways to render his report or statement in writing to the annual township meeting, which shall set forth among other things required as follows:

" *Fourth.* An estimate of the amount of highway labor which in his judgment should be assessed upon the taxable property of the township for the next ensuing year.
*   *   *

" *Fifth.* The improvements necessary to be made in the highways and bridges during the year, and the amount of money tax that should be levied for that purpose beyond what such estimated highway labor will accomplish, not exceeding fifty cents upon each one hundred dollars of valuation, according to the assessment roll for the last preceding year, or in townships whose aggregate valuation is less than fifty thousand dollars, a gross sum not exceeding two hundred and fifty dollars."

Section 3 (section 4074, 2 Comp. Laws) provides that this statement shall be presented to the next annual township meeting, and such meeting—

" May determine by a majority of the electors present and voting:

" *First.* Upon the amount of highway labor to be assessed, which shall be within the limit named in the fourth subdivision of the last preceding section.

" *Second.* Upon the amount of money tax to be assessed within the limit prescribed by the fifth subdivision of the last preceding section, [and] the sum so voted shall be levied and collected in the same manner as other township expenses."

Section 4 (section 4075, 2 Comp. Laws) provides that, in case the electors at said annual meeting neglect or refuse to vote any rate of highway labor to be assessed as above required, the highway commissioner may assess not exceeding one-half day's labor upon each $100 of valuation.

" And in case such electors shall neglect or refuse to vote a money tax as, by the second subdivision of the preceding section provided, the township board may order to be levied such sum within the limit hereinabove provided as such board may deem necessary for the improvement of roads and bridges."

Sections 5–8 (sections 4076–4079, 2 Comp. Laws) provide for the assessment of the highway labor tax upon all the property in each road district in his township by the highway commissioner upon separate lists, duplicates of which must be made by the township clerk, one of which lists for each district to be filed by said clerk in his office, and the other to be forthwith delivered by the commissioner to the overseer of highways of the proper district, with the warrant of the commissioner annexed thereto.

The requirements of the statute have been set out at length for the purpose of clearly understanding the method of raising highway taxes under this system known as the " Labor System." This tax is to be raised, *first*, by the assessment of labor upon all the property in each highway district in the township; and, *second*, in case such highway labor is not sufficient to provide for the improvements necessary to be made in the highways

and bridges during the year, by a money tax to be levied for that purpose, both the labor and the money tax to be restricted in amount by the statute. The labor tax is entirely in the hands of the commissioner, as far as its assessment and apportionment are concerned, and must be so assessed only upon the property included in the several road districts of the township. It is clear, from section 4072, that the road districts do not include the territory occupied by incorporated villages, and therefore that no labor tax could be assessed upon such territory or property therein.

The clause "excluding incorporated villages" was inserted in this section by the amendment of 1887. [Act No. 156, Pub. Acts 1887.] It is claimed by the plaintiff that this amendment was made by the legislature to meet the decision of the court in the case of *Ryerson* v. *Township of Laketon*, 52 Mich. 509, and to grant relief to incorporated villages from the burden thereby imposed, and that, in the case of *Auditor General* v. *Railway Co.*, 116 Mich. 122, the fact that section 4072, 2 Comp. Laws, had been so amended, was not called to the attention of the court. In both the cases above cited this court held that a highway money tax, under subchapter 2 of chapter 101 in question, must be levied upon all the property of the township, including that of any incorporated village within its boundaries. We do not think the section as amended will bear the construction for which contention is made in plaintiffs' protest and before this court that incorporated villages are to be excluded from assessment for highway taxes levied under this chapter. The assessments referred to in section 4072 are the assessments of highway labor, which are made against all the property in the highway districts, and such assessments upon any lands not paid by labor or commuted are returned, and levied upon said lands, and collected in the same manner that the contingent charges of the township are collected. The statute as amended reads:

"For making such assessments the commissioner of highways in each township shall divide his township, *excluding incorporated villages,* into so many road districts as he may judge convenient."

This amendment excluded from any road district the territory included in incorporated villages. To hold that anything further was intended would be a strained construction.

Section 4074, 2 Comp. Laws, provides for the levy and collection of the money tax for the improvements of highways and bridges in a township, beyond what the estimated highway labor will accomplish. With this levy and assessment of this tax the commissioner has nothing to do. It is voted by the electors at the annual township meeting. All the electors of the township, including those residing within incorporated villages, are entitled to participate. This section also provides that it shall be levied and collected in the same manner as other township expenses. In the case of *Ryerson* v. *Township of Laketon,* above cited, this court considered at length and with care the matter of raising this money tax under this statute. The court said:

"It was perfectly competent for the legislature to provide that all the taxable property in the township should be assessed for the repairs and improvements of highways in the township, although those highways should lie wholly outside of the village. Not the least expense in keeping up highways is the building, repairing, and preservation of bridges.

"There is no good reason why the property lying within the village limits should not bear its just proportion of this burden. The legislature was careful to provide that the whole township should bear the expense of keeping the bridges on its highways in repair, even when they are located within the corporate limits of the village."

And, further, as to those entitled to vote this tax:

"No distinction is made between those residing within and those without the corporate limits of the village. Those within are regarded as citizens of the township and

as being mindful of its welfare, and the law had vested in all the electors indiscriminately the power of imposing this money tax."

The amendment referred to was part of the statute at the time this court passed upon the case of *Auditor General* v. *Railway Co.*, supra. An examination of the record and briefs in that case shows that this amendment is not referred to. It had been upon the statute books for 10 years, and the presumption is that both court and counsel considered that no change had been made in the statute relative to the assessment of this money tax, rather than, as claimed by plaintiffs, that the amendment had been entirely overlooked. Our construction is that no change had been made in that regard, and we hold that this case is controlled by the two cases cited above. The contention of plaintiffs relative to this amendment cannot be sustained.

The judgment of the circuit court is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.